## DUNLAP v. BROYLES et al.

(Court of Civil Appeals of Texas. Amarillo. Feb. 24, 1912. Rehearing Denied March 22, 1912.)

1. EVIDENCE (§ 121*) — ADMISSIBILITY — RES GESTÆ.

In an action upon a chattel mortgage, evidence that the mortgagor, at the time of the delivery of the mortgage, remarked that he had promised to give it as an inducement to the other party whose name was on the note to sign the note with him, was admissible as res gestæ or part of the act of executing and delivering the mortgage.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 303, 307–338, 1117, 1119; Dec. Dig. § 121.*]

2. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

The admission of erroneous evidence is harmless, where another witness testifies without objection to substantially the same facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

3. APPEAL AND ERROR (§ 739*)—BRIEF—ASSIGNMENT—SUFFICIENCY.

Under rule 32 (142 S. W. xiii), providing that in appellant's brief the propositions, if more than one under one ground of the assignment, shall refer to it and be stated separately, it was improper to complain in one assignment that the court erred in refusing to peremptorily instruct for the appellant and in instructing for the appellee.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3034–3036; Dec. Dig. § 739.*]

4. CHATTEL MORTGAGES (§ 153*) — RECORD—PRIORITY.

Under Sayles' Ann. Civ. St. 1897, art. 3328, providing that chattel mortgages not accompanied by immediate delivery of the property must be recorded to create a lien in favor of the mortgagee as against subsequent mortgages, an unrecorded chattel mortgage was void as to a chattel mortgage executed and delivered for a valuable consideration and without notice, actual or constructive, of its existence.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 255–262, 267, 268; Dec. Dig. § 153.*]

5. CHATTEL MORTGAGES (§ 156*) — PARTIES—POSSESSION OF PROPERTY.

Where a chattel mortgage was taken on property upon which there was an outstanding unrecorded mortgage which had been given several days before, it was immaterial, upon the question of priority as between the two mortgages, that there was a change of possession of the property under the senior mortgage upon the day that the junior mortgage was given.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 265, 271; Dec. Dig. § 156.*]

6. CHATTEL MORTGAGES (§ 32*)—CONSIDERATION—SUFFICIENCY.

It was sufficient consideration for the giving of a chattel mortgage that a surety upon the note secured by it required it to be given as a condition precedent to his becoming surety.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 78–82; Dec. Dig. § 32.*]

Appeal from Deaf Smith County Court; C. D. Wright, Judge.

Action by W. G. Broyles against James Stanek and others. From a judgment for plaintiff, defendant Eli Dunlap appeals. Affirmed.

Barcus & North, of Hereford, for appellant. Knight & Slaton, of Hereford, for appellees.

GRAHAM, C. J. This case originated in the county court of Deaf Smith county, by W. G. Broyles suing James Stanek and Henry Farmer for the amount due on a promissory note, dated February 1, 1910, for the sum of $600 on its face, due 20 days after date, payable to Broyles and signed by Stanek and Farmer; and to foreclose a lien on certain personal property described ·in the chattel mortgage of date February 1, 1910, executed and delivered by Stanek to Broyles to secure the payment of the note sued on, and appellant Dunlap was made a party defendant under allegations that he was asserting a claim to or interest in the property described in the mortgage. The defend-

ant Farmer answered by plea of general denial and adopted the pleading of plaintiff as a cross-action against Stanek and Dunlap, and alleged that the property described in the mortgage was at the time of the execution of the note and mortgage delivered by Stanek to him as a pledge to secure payment of the note sued on, and prayer was made that, in the event plaintiff recovered against Farmer, the security be exhausted before the issuance of execution against him. The defendant Dunlap answered plaintiff's pleading by a general demurrer, a general denial, and pleaded the execution and delivery to him of a note by Stanek for the sum of $375 of date January 22, 1910, and the execution and delivery to him by Stanek of a chattel mortgage on the same property covered by plaintiff's mortgage to secure the payment of his note, and also pleaded a proper registration thereof before the execution and delivery of plaintiff's alleged mortgage; and the defendant Dunlap also pleaded, as an answer to Farmer's cross-action, special exceptions, a general demurrer, and that if such pledge and delivery of the property was made, it was after the execution, delivery, and registration of Dunlap's mortgage. A trial before a jury resulted in a peremptory instruction for plaintiff against defendants Stanek and Farmer on the note sued on and a foreclosure of plaintiff's mortgage lien on the property as against all the defendants, and, judgment having been so rendered, the defendant Dunlap alone brings the case on appeal before this court on five assignments of error discussed below.

Under appellant's first assignment, it is contended that the trial court erred in holding appellee Broyles' petition sufficient to entitle him to a foreclosure of the mortgage lien as against Dunlap. Without undertaking to quote from the pleading or copy same herein, we will state that we have examined the pleadings complained of in the light of the authorities cited by appellant and cannot agree with his contention, and the assignment will therefore be overruled. Lyon v. Logan, 68 Tex. 521, 5 S. W. 72, 2 Am. St. Rep. 511.

[1] Under appellant's second assignment, it is contended that the trial court erred in permitting the agent of Broyles, who closed up the loan and took the mortgage, to testify in substance that Stanek remarked to him, at the time of the delivery of the mortgage, that it was one he had promised Farmer he would execute and deliver as an inducement to Farmer to sign the Broyles note with him; it being claimed that the said evidence was irrelevant, immaterial, and hearsay.

[2] We think this evidence was admissible as res gestæ or a part of the act of executing and delivering the mortgage to Broyles. Aside from this, however, the statement of facts shows that Farmer testi-

fied to substantially the same facts without objection, and even if it could be held that the evidence complained of was not admissible under the foregoing conditions, a reversal would not result. For the reasons stated, the assignment will be overruled.

[3, 4] Under appellant's third assignment, it is asserted that the trial court erred in giving a peremptory instruction for appellee, and in not giving a peremptory instruction for appellant Dunlap. The only proposition submitted under this assignment is as follows: "The evidence being undisputed that appellant Eli Dunlap had a first mortgage on the stock involved and that appellee Broyles did not loan any money on the security of said stock, it was error for the court to refuse to instruct the jury to find for the appellant, Eli Dunlap, and in instructing the jury to find for appellee Broyles." As we view this proposition, we should not consider same under the rule 32 for Courts of Civil Appeals (142 S. W. xiii), in that, as a matter of law, it might be erroneous for a trial court to give a peremptory instruction for one party, and still it would not follow that such instruction should have been given for the other. We have, however, concluded to dispose of the assignment upon its merits. The evidence in the record shows without conflict that Stanek executed and delivered to appellant his note and mortgage on January 22, 1910, as security for the payment of $375; that said mortgage was filed for record on February 4, 1910; that on February 1, 1910, the Broyles mortgage and note were executed to secure the payment of $600 that day loaned by Broyles to Stanek; that the note was delivered to Broyles that day and the mortgage within a day or two thereafter, and said mortgage was filed for record on February 5, 1910; that while Broyles did not require the execution and delivery of the mortgage and was willing to loan the money to Stanek, when he and Farmer signed the note, Farmer, as a condition to his so signing and before signing, required of Stanek that he execute and deliver the mortgage as security for the payment of the note. The evidence also shows without conflict that at the time said note and mortgage were executed and delivered, as well as at the time the money was loaned, neither Broyles, his agent who negotiated the transaction, nor Farmer, had any notice whatever that appellant's mortgage had been executed; the same at that time not having been filed for record. It being undisputed that Broyles' mortgage was executed and delivered for a valuable consideration and without notice, actual or constructive, of the Dunlap mortgage, it follows that under article 3328 of Sayles' Annotated Civil Statutes, the Dunlap mortgage as to it was void, and this being the only material issue between Dunlap and Broyles, there was no error in the court's charge of which Dunlap can complain, for which reason this

assignment will be overruled. Bowen v. Wagon Works, 91 Tex. 385, 43 S. W. 872.

[5] Under appellant's fourth assignment, contention is made that the trial court erred in refusing the special charge as follows: "Gentlemen of the jury, you are instructed in this case that if you believe from the testimony in this cause that after the mortgage was executed to the plaintiff, and after the mules were delivered to defendant Farmer, that the defendant Farmer informed the defendant Dunlap that he was not claiming any interest in and to said mules, or if you believe that said Farmer acted in such manner as to make a reasonably prudent person believe that he (Farmer) had no interest in said mules, then in either event, if you so find, you are instructed to find for the defendant Eli Dunlap." The only proposition submitted under this assignment is as follows: "The question as to whether or not Henry Farmer had told appellant that he (Farmer) had no interest in the mules after he (Farmer) had them in his possession was one of fact, and, the evidence having raised that question, it was error of the court to fail and refuse to submit it to the jury." While both Broyles and Farmer in their pleadings alleged a change in possession of the property from Stanek to Farmer on February 1, 1910, as a means of relieving Broyles' mortgage from its failure to have been recorded until February 5, 1910, and there was an issue of fact as to just when possession of the property did pass to Farmer from Stanek, in the light of the undisputed evidence that the Dunlap mortgage was not filed for record until February 4, 1910, and that without any notice of it Broyles loaned his money of February 1, 1910, to secure the payment of which his mortgage was given, the question of whether or not or when there was a change of possession of the property from Stanek to Farmer, we think, becomes immaterial, and there was therefore no error in refusing to give the special charge requested. Turner v. Cochran, 94 Tex. 480, 61 S. W. 923.

[6] Appellant's fifth assignment is as follows: "The court erred in giving peremptory instruction to the jury to find a verdict in favor of the plaintiff W. G. Broyles." And under this assignment he submits three propositions as follows: "(1) There was a question of fact as to whether or not the mules in question had been delivered to Henry Farmer by Stanek prior to the time appellant placed his mortgage of record, and that question should have been submitted to the jury. (2) The evidence showing that the money was not loaned on the strength or security of the mortgage, and that it was loaned before the mortgage was delivered by Stanek, and that the horses were not in possession of the appellees Farmer or Broyles, it was error for the court to instruct the jury to find for appellees as to the horses. (3) There being no evidence that appel-

lees paid any valuable consideration for the mortgage, it was error for the court to instruct the jury to find for the appellee W. G. Broyles." What we have said in disposing of the fourth assignment results in our holding that the first proposition under this assignment cannot be sustained. As we view the record, it shows clearly that while Broyles did not require the execution of the mortgage as a condition to his loaning the money, provided Farmer signed the note, it is shown conclusively by the record that Farmer signed the note only on condition that the mortgage should be executed which was actually executed, and under these facts we think appellant's second proposition cannot be sustained. We also think, under the facts hereinbefore referred to as being conclusively shown by the record, appellee did pay a valuable consideration for the mortgage, and for that reason appellant's third proposition cannot be sustained.

Believing that no reversible error is pointed out under either of appellant's assignments, they will all be overruled, and, there appearing no fundamental error in the record, the judgment of the trial court will be affirmed, and it is so ordered.