JANE COWAN v. GEORGINA COWAN

(Filed 31 March, 1920.)

**Pleadings—Fraud—Allegations—Evidence.**

> In an action to set aside a deed for fraud alleged to have been committed by defendant, evidence that another had committed the fraud while acting for the defendant is competent, when it appears that the defendant was not taken by surprise.

APPEAL by defendant from *Calvert, J.,* at the October Term, 1919, of BLADEN.

This is an action to set aside certain deeds executed by the plaintiff to the defendant, her daughter-in-law, on the ground of fraud.

There was a verdict and judgment for the plaintiff, and the defendant excepted and appealed.

*J. Bayard Clark for plaintiff.*
*Lyon & Lyon for defendant.*

PER CURIAM. We have carefully examined the record, and find no error.

The evidence as to the conduct of Mathis which was objected to upon the ground that the complaint alleged that the defendant, and not Mathis, had committed the fraud, was competent, as Mathis was acting for the defendant, and that the defendant was not taken by surprise is shown by the fact that he was introduced as a witness for the defendant.

There was ample evidence to support the allegations of the complaint, and the motion for judgment of nonsuit was properly denied.

No error.