(May 17, 1923.)

HENRY T. HILL, Appellant, v. L. M. BENNETT, Respondent.

[215 Pac. 471.]

ATTACHMENT — MOTION TO DISSOLVE — SUSTAINED WHEN — BRIEF — STRICKEN WHEN.

1. The evidence examined and *held* sufficient to sustain the order discharging the attachment.

2. An attachment was properly discharged where it appeared that the writ of attachment was improperly issued, in that the payment of the debt, which was the subject of the action, was secured, as defined by C. S., sec. 6780, at the time the affidavit for attachment was made and filed.

3. A brief filed two days before a cause is to be heard in this court will be stricken from the files, upon motion of the opposite party, no good cause appearing for such delay.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Ed. L. Bryan, Judge.

Appeal from an order discharging an attachment. *Affirmed.*

Frank T. Wyman and Alfred F. Stone, for Appellant.

Brief ordered stricken.

Buckner & Warren and Clarence S. Hill, for Respondent, file no brief.

WM. E. LEE, J.—This is an appeal from an order discharging an attachment.

On August 1, 1921, appellant commenced an action against respondent wherein he sought judgment in the sum of $1,381.85, together with interest, and caused summons to be issued therein. Thereafter, appellant made and filed his affidavit for attachment, and caused a writ of attachment to be issued. Certain property of respondent was thereupon attached.

The affidavit for attachment is in the usual form. Respondent was a resident of the state, and the affidavit contained the following provisions. ". . . . that the payment of the same has not been secured by any mortgage or lien upon real or personal property, or any pledge of personal property . . . . "

Upon the service of the writ of attachment, respondent moved to dissolve the attachment on the ground that the affidavit for attachment was false. The motion was supported by the affidavits of respondent, and an affidavit by Leon Brown. In opposition to the motion, appellant filed an affidavit by Dr. J. C. Mack and one by himself. The motion came on to be heard, and the court made an order discharging the attachment, on the following ground: ". . . . It satisfactorily appearing to the court that the plaintiff Henry T. Hill had, at the time of the commencement of this action and at all times prior thereto, security for the debt sued for in plaintiff's complaint and that said plaintiff was not entitled to attachment."

Appellant contended, in the argument of this cause, that the evidence is insufficient to support the order discharging the attachment.

From the pleadings and affidavits, we find that in the month of October, 1920, as a result of a contract between appellant and respondent for the sale of certain lands in the state of Oregon by appellant to respondent, respondent became indebted to appellant in the sum of $13,200 evidenced by a promissory note. This indebtedness was "further" secured by a bill of sale from respondent to appellant of

certain personal property in Idaho. Thereafter appellant sold and transferred the promissory note to Dr. J. C. Mack. Appellant indorsed on the note a payment or credit of $1,500. It appears, however, that it was the intention of the parties that this was not in fact a payment, and that appellant merely retained that part of the indebtedness and sold and transferred the balance of the indebtedness represented by the note to Dr. Mack. Subsequent to the transfer of the note to Dr. Mack, appellant claimed that respondent owed him the sum of $1,500, and this claim does not seem to be disputed. In the transfer of the note to Dr. Mack, it was agreed that appellant should retain the security, provided by the bill of sale of the personal property, for the payment of the $1,500 indebtedness owing to appellant. It is appellant's contention that another deal was effected wherein respondent assigned and transferred his rights in the contract with appellant for the sale of lands in Oregon to one Leon Brown; that, in order to consummate this transaction, he waived the security of the personal property described in the bill of sale in order that respondent might transfer the said personal property to Mr. Brown, and that respondent promised and agreed to furnish other security for the $1,500 debt, which was not done. In consequence of this waiver, appellant contends that, at the time of the commencement of his action and making and filing his affidavit, his debt was not secured and that his affidavit was true. This is disputed by respondent.

Mr. Brown, in his affidavit, states that while it was understood in the transaction between respondent and himself that he was to get a part of the property included in the bill of sale, appellant refused to permit respondent to transfer to him the aforesaid personal property. This is also respondent's version of what was then done. Subsequent to the time that appellant claims he released the personal property as security for the payment of his indebtedness, respondent sold a portion of the personal property and from the proceeds made such payment to appellant as to reduce the indebtedness to the amount sued on. Thereafter appel-

lant wrote a number of letters to respondent, from a reading of which it is apparent that appellant, subsequent to the time that he insists he released the security, claimed the remainder of the personal property as security for the payment of his indebtedness.

From a careful examination of all the evidence, it is apparent that there was before the trial court sufficient evidence to justify the conclusion that the payment of the debt, which was the subject of the action, was secured, as defined by C. S., sec. 6780, at the time the affidavit for attachment was made and filed. The writ of attachment was therefore improperly issued, and the attachment was properly discharged.

Upon the argument of this cause, respondent made and filed his motion to strike the brief of appellant on the ground and for the reason that the brief was not served within the time provided by the rules of this court. It appearing that this cause was heard on Monday, April 2, 1923, and that appellant served his brief on respondent on Saturday, March 31st, 1923, just two days before the cause was to be heard, no good cause having been shown for the delay, the motion of respondent should be granted. It is, therefore, ordered that the brief of appellant be, and the same is hereby, stricken from the files of this cause.

The order appealed from is affirmed. Costs to respondent.

Budge, C. J., and Dunn, J., concur.