(July 3, 1925.)

W. G. JENKINS & COMPANY, Bankers, a Corporation, Appellant, v. K. McKENZIE, Respondent.

[238 Pac. 294.]

ATTACHMENT—MOTION TO DISSOLVE.

1. The affidavits examined and *held* sufficient to sustain the order discharging an attachment.

2. An order discharging a writ of attachment will not be reversed when it appears that the debt was secured when the writ was issued.

APPEAL from the District Court of the Sixth Judicial District, for Custer County. Hon. Ralph W. Adair, Judge.

Appeal from an order discharging a writ of attachment. *Affirmed.*

Peterson & Coffin and E. G. Frawley, for Appellant.

When it is so agreed between the parties the giving of a new note in renewal operates as payment of a former note. (*Horne v. Young,* 40 Ga. 193; *Weston v. Wiley,* 78 Ind. 54; *Dewey v. Bell,* 5 Allen (Mass.), 65; *Smith v. Bynum,* 92 N. C. 108; *Hartley v. Kirlin,* 45 Pa. 49; *Merriman v. Social Mfg. Co.,* 12 R. I. 175; *First State Bank of Amarillo v. Cooper* (Tex. Civ.), 179 S. W. 295.)

Where a new note is given in renewal of a former one and for a less amount, it may operate as a satisfaction of a prior note, as it is presumed that all differences between the parties were adjusted and settled when such new note was

given.   (8 C. J. 572; *Piper v. Wade,* 57 Ga. 223; *Compton v. Patterson,* 28 S. C. 115, 5 S. E. 270; *Bolt v. Dawkins,* 16 S. C. 198; *Draper v. Hitt,* 43 Vt. 439, 5 Am. Rep. 292; *Goodall v. Richardson,* 14 N. H. 567.)

If a new note be taken with the intention or agreement that it shall operate as payment in whole or in part of the old debt, then the mortgage is accordingly paid wholly or in part, as the case may be.   (*Iowa County v. Foster,* 49 Iowa, 676; Jones on Mortgages, p. 505; *Meyer v. Lathrop,* 73 N. Y. 315; *Joyner v. Stancill,* 108 N. C. 153, 12 S. E. 912; *Jaffray v. Crane,* 50 Wis. 349, 7 N. W. 300.)

Whitcomb, Cowen & Clark, for Respondent.

"As a mortgage secures the debt and not the note, bond or other evidence of it, the lien of a mortgage is not discharged as a general rule by a mere change in the form of the debt secured or in the mode or time of payment, but continues as long as the indebtedness is kept alive, if, at the time the note is renewed, the maker of the note and mortgagor is still the owner of the land, or if he afterwards becomes reinvested with the title.   In the absence of an agreement to that effect, the cancelation and surrender of a note and the giving of a new note of the debtor or a third person does not extinguish the debt."   (18 Cal. Jur., sec. 487; *Western Fuel Co. v. Sanford G. Lewald Co.,* 190 Cal. 25, 210 Pac. 419; *Gnarini v. Swiss American Bank,* 162 Cal. 181, 121 Pac. 726; *Churchill v. Woodsworth,* 148 Cal. 669, 113 Am. St. 324, 84 Pac. 155; *White v. Stevenson,* 144 Cal. 104, 77 Pac. 828; *Sather Banking Co. v. A. R. Briggs Co.,* 138 Cal. 724, 72 Pac. 352; *Bonestell v. Bowie,* 128 Cal. 511, 61 Pac. 78; *Savings Bank v. Central Market Co.,* 122 Cal. 28, 54 Pac. 273; *Savings & Loan Society v. Burnett,* 106 Cal. 514, 39 Pac. 922; *Grangers Bank v. Shuey,* 122 Cal. xviii, 55 Pac. 682; *Bank of Suisun v. Fiske,* 65 Cal. App. 771, 225 Pac. 7; *United States v. Grover,* 227 Fed. 181.)

"Whatever transmutations the debt may undergo, as long as it is shown to be the same debt as that described in the mortgage, the lien or security continues."   (*New v. Sailors,*

114 Ind. 407, 5 Am. St. 632; *Lincoln County v. Martin,* 112 Wash. 186, 191 Pac. 815; *Balch v. Arnold,* 9 Wyo. 17, 59 Pac. 434; *Davis v. Thomas,* 66 Neb. 26, 92 N. W. 187; *Jarboe v. Shiveley,* 109 Ky. 402, 95 Am. St. 384, 59 S. W. 328; *Wilson v. Pickering,* 28 Mont. 435, 72 Pac. 821; *Gribben v. Clement,* 141 Iowa, 144, 133 Am. St. 157, 119 N. W. 596; *McMorran v. Murphy,* 36 N. W. 60; *Barrington v. Skinner,* 117 N. C. 47, 23 S. E. 90; *Leschen & Sons Rope Co. v. Mayflower G. M. & R. Co.,* 173 Fed. 855, 97 C. C. A. 465, 35 L. R. A., N. S., 1.)

The affidavit itself does not disclose the existence of any security, and even where security has been lost, the affidavit should disclose it, and show that it has become valueless; otherwise it is a false affidavit, and no valid attachment can be based upon it. (C. S., sec. 6780; Code Civ. Proc. (Cal.), sec. 438; *Murphy v. Montandon,* 3 Ida. 325, 29 Pac. 851; 3 Cal. Jur. 418, sec. 14; *Hill v. Bennett,* 37 Ida. 161, 215 Pac. 471.)

WM. E. LEE, J.—This is an appeal from an order dissolving an attachment. On June 30, 1917, respondent executed and delivered to appellant his promissory note in the principal sum of $6,000, and, to secure the payment of the debt represented by the note, executed and delivered his certain mortgage, which was recorded. On March 18, 1918, a new note was executed and delivered in place of the first note and a new mortgage was executed, delivered and recorded. On June 26, 1919, a note in the principal sum of $6,000 was executed and delivered in place of the one then held by the bank, but no new mortgage was executed. On January 2, 1920, $1,000 was paid on the principal, and on January 6, 1920, a note for the principal sum of $5,000 was executed and delivered by respondent to the appellant to take the place of the note then held. The same course, of taking a new note in the place of the one then held, was followed until the commencement of the action, which was based on a note for $5,000 dated September 30, 1921. A writ of attachment was issued under which considerable real and per-

sonal property was attached. Respondent moved to vacate and discharge the attachment. The motion was granted. The attachment was dissolved on the ground that the payment of the debt, for the enforcement of which the action was instituted, was secured.

It is generally conceded by the parties that the various notes given by respondent were renewals of the debt represented by the original note. The mortgages have not been released of record. From the affidavit for attachment it appeared " . . . . that the payment of the same [the debt] has not been secured by any mortgage, lien or pledge on real or personal property whatsoever." The affidavit of C. C. Davidson, on behalf of appellant, resisting the motion to discharge the writ, is that when the note of June 26, 1919, was given (which was the third note in order of time and the first renewal when a new mortgage was not given) "it was expressly agreed between the parties . . . . that the security theretofore given for said note, should not be security for the new note, for the reason that the board of directors of plaintiff (appellant) . . . . felt that the real estate in said mortgage was not of sufficient value to secure the said note, and the personal property was not such . . . . security as the bank desired, and the board . . . . felt that the bank was better protected and secured with the open note . . . . than if the same was a secured note . . . . that no renewal of the mortgage was made, and it was expressly understood between the parties . . . . that the said security should no longer go on said note . . . . that security was not taken on said note of June 26, 1919, or any subsequent renewal thereof, for the reason that the said bank did not desire security in the form in which it was offered . . . . and preferred the open note . . . . That the mortgages . . . . have not been released solely because of the inadvertence of" appellants.

It is claimed in the affidavits of respondent, in support of the motion to discharge the writ, that the note, on which the action is based, is an evidence of and represents the same debt as the first two notes to secure the payment of which

the mortgages were executed and delivered; that at the time the note sued on "was given . . . . it was then . . . . and ever since has been and now is the understanding and agreement . . . . (of the parties) that the mortgage of March 30, 1918, secured the $5,000 note"; that at the time of the giving of the renewal notes "nothing was said about extinguishing or releasing the security given for the original note, but . . . . it was agreed between the respective parties to the renewal note, that said mortgage given as security for the original note, should stand and be in full force and effect as security for the renewal note . . . . "

From the affidavits of the parties, it is apparent that there is a decided conflict in the evidence as to whether the payment of the debt, upon which the action was instituted, was secured. The trial court held that the debt was secured. It cannot be contended that there is not substantial evidence to sustain the trial court. From all the facts and circumstances, disclosed by the affidavits of the parties, we are of the opinion that the debt was secured. An order discharging a writ of attachment will not be reversed where it appears that the debt was secured when the writ was issued. (*Hill v. Bennett,* 37 Ida. 161, 215 Pac. 471.) Order affirmed. Costs to respondent.

William A. Lee, C. J., Budge, Givens and Taylor, JJ., concur.