Wm. E. Lee, Givens and Taylor, JJ., and McNaughton, District Judge, concur.

---

(September 26, 1925.)

M. D. TAYLOR, Doing Business as IDAHO FOUNDRY & MACHINE CO., Respondent, v. H. M. FLUHARTY, Appellant.

[239 Pac. 1049.]

PROMISSORY NOTE — AMBIGUITY — INTENTION OF PARTIES—EVIDENCE—COSTS.

1. Evidence examined and *held* sufficient to sustain verdict.

2. The declarations of an agent, within the scope of his authority, with respect to the subject matter of the· action, made at the time of and in connection with the transaction, are admissible against the principal.

3. A conversation between one of the makers of a note and the payee, when the note was delivered, tending to explain an ambiguity on the face of the note, is admissible in evidence.

---

Publisher's Note.

2. Admissions and declarations of agents as evidence against principal, see note in 53 Am. Dec. 773. See, also, 1 R. C. L. 508.

3. See 10 R. C. L. 1065.

4. On the denial of a motion to strike his brief, the prevailing party will not be allowed costs for printing his brief where it was not served within the time provided, or an extension thereof.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Miles S. Johnson, Judge.

Action on a promissory note. Judgment for plaintiff. *Affirmed.*

Benjamin F. Tweedy, for Appellant.

What Smith may have told respondent about the changes made to show the written instrument was only a corporation obligation was not admissible in evidence, and, as the verdict of the jury rests upon this inadmissible evidence testified to by the respondent, the judgment must be reversed. (*Radley v. Seider,* 99 Mich. 431, 58 N. W. 366; *McCormick Harvesting Mach. Co. v. Cochran,* 64 Mich. 636, 31 N. W. 561; *Coulter etc. Co. v. Munford,* 38 Cal. App. 231, 175 Pac. 900; *Ives v. Lessing,* 19 Ariz. 208, 168 Pac. 506; *Watterson v. Owens River Canal Co.,* 42 Cal. App. 372, 183 Pac. 816; *Rauh v. Morris,* 40 Okl. 288, 137 Pac. 1174; *Surbagh v. Butterfield,* 44 Utah, 446, 140 Pac. 757; *Bolitho v. East,* 45 Utah, 181, 143 Pac. 584; *Taylor v. Stockwell,* 22 Wyo. 492, 145 Pac. 743, 147 Pac. 328; *Farmer v. Hughes,* 38 Colo. 318, 88 Pac. 191; *Miner v. Rickey,* 5 Cal. App. 451, 90 Pac. 718; *Williams v. Long,* 139 Cal. 186, 72 Pac. 911; *Wilson v. Vogeler,* 10 Ida. 599, 79 Pac. 508; *Farleigh v. Kelley,* 28 Mont. 421, 72 Pac. 756, 63 L. R. A. 319; 16 Cyc. 1192–1202.)

According to testimony of respondent, the statements of Mr. Smith in absence of the appellant took "the form of an opinion," or conclusion, and the appellant cannot be held liable on such opinion or conclusion, for Mr. Smith's "opinion" or conclusion is inadmissible; he was not an expert on whether the additions to the writing had effect or not. (*People v. Altmeyer,* 135 Cal. 80, 66 Pac. 974; *Ponca v.*

*Crawford,* 18 Neb. 551, 26 N. W. 365; 17 Cyc. 25, 273; 16 Cyc. 1194, note 24; *Clark v. Dalziel,* 3 Cal. App. 121, 84 Pac. 429, 430.)

A mistake as to "intention" makes the contract void "at law and in equity." (13 C. J., secs. 246, 247, p. 369.)

"Both parties must assent to the same thing in the same sense, and the minds must meet as to all the terms." (13 C. J., sec. 68, p. 263; 9 Cyc. 245, 252; *Green v. Cole,* 103 Mo. 70, 15 S. W. 317; *Robinson v. Estes,* 53 Mo. App. 582; *Thomas v. Greenwood,* 69 Mich. 215, 37 N. W. 195; *Corcoran v. White,* 117 Ill. 118, 7 N. E. 525; *Wardell v. Williams,* 62 Mich. 50, 4 Am. St. 814, 28 N. W. 796; *Trounstine v. Sellers,* 35 Kan. 447, 11 Pac. 441; *Snoderly v. Bower,* 30 Ida. 484, 166 Pac. 265; *State v. Board of Prison Commrs.,* 37 Mont. 378, 96 Pac. 736; *American Can Co. v. Agricultural Ins. Co.,* 12 Cal. App. 133, 106 Pac. 720; *Bridge v. Calhoun,* 57 Wash. 272, 106 Pac. 762; Hammon on Contracts, p. 15, sec. 11.)

The mere presence on the face of a note of the corporate seal, name of the corporation and the official designation after the signature has been sufficient, without resort to parol evidence, to convince able courts that the individuals intended to, and did, execute only a corporation note. (*Means v. Swormstedt,* 32 Ind. 87, 2 Am. Rep. 330; *Aggs v. Nicholson,* 1 H. & N. 165; *Pitman v. Kintner,* 5 Blackf. 250, 33 Am. Dec. 461; *Miller v. Roach,* 150 Mass. 140, 22 N. E. 634, 6 L. R. A. 71; *Hovey v. Magill,* 2 Conn. 680; *New England Elec. Co. v. Shook,* 27 Colo. App. 30, 145 Pac. 1002.)

Daniel Needham and Tannahill & Leeper, for Respondent.

Declarations and admissions of Smith are admissible because Smith was agent for all makers of the note, and they are estopped to deny his authority. (*Hudson v. Carlson,* 31 Ida. 196, 170 Pac. 100; *Frederick v. Brainard,* 32 Ida. 296, 182 Pac. 351; Jones on Evidence, 2d ed., par. 356; 2 C. J., p. 856, par. 541; *O'Daniel v. Streeby,* 77 Wash. 414,

137 Pac. 1025; *Haskell v. Carlisle Packing Co.,* 105 Wash. 368, 177 Pac. 780.)

Because they are a part of the *res gestae.* (Jones on Evidence, 2d ed., par. 344; *Coffin v. Bradbury,* 3 Ida. 770, 95 Am. St. 37, 35 Pac. 715.)

Because they are declarations against the pecuniary interest of Smith. (Jones on Evidence, 2d ed., par. 323; *Mentzer v. Burlingame,* 85 Kan. 641, 118 Pac. 698; 22 C. J., p. 231, par. 209.)

Because they are admissions by comakers of a note. (Jones on Evidence, 2d ed., pars. 252 and 317; 22 C. J., p. 352, par. 405; *Camp v. Dill,* 27 Ala. 553; *Lincoln Academy v. Newhall,* 38 Me. 179; *Barrick v. Austin,* 21 Barb. (N. Y.) 241; *Beitz v. Fuller,* 1 McCord (S. C.), 541, 10 Am. Dec. 692; *Colquhoun v. Pack,* 32 Cal. App. 97, 161 Pac. 1168.)

They constitute evidence that Smith, as comaker and agent, had notice of Taylor's intention. (2 C. J., p. 859, par. 542; *Tevis v. Ryan,* 233 U. S. 273, 34 Sup. Ct. 481, 58 L. ed. 957; *Lyman v. Bank of United States,* 12 How. 225, 13 L. ed. 965.)

These statements were not opinions, but independent facts. (22 C. J., p. 281, par. 297; *State v. Blackburn,* 273 Mo. 469, 201 S. W. 96; *Sprague v. Walton,* 145 Cal. 228, 78 Pac. 645; *Harp v. Harp,* 136 Cal. 421, 69 Pac. 28; *Fulkerson v. Stiles,* 156 Cal. 703, 105 Pac. 966, 26 L. R. A., N. S., 181; *Aurand v. Perry Impv. Co.,* 178 Iowa, 262, 159 N. W. 779; *State v. Tate,* 161 N. C. 280, 76 S. E. 713; *Spencer v. Peterson,* 41 Or. 257, 68 Pac. 519.)

This court has already held that there were ambiguities in this instrument, sufficient to permit resort to parol evidence to determine true intent. (*Taylor v. Fluharty,* 35 Ida. 705, 208 Pac. 866.)

WM. E. LEE, J.—When this case was first tried, the court instructed a verdict for respondent. On appeal, this court held that the name and corporate seal on the instrument and the descriptive words following the names of the

makers created an ambiguity; and that while the presumption is that such words are *descriptio personarum* and that the makers are bound, it is the better rule to permit the introduction of parol evidence to determine the actual intention of the parties. The judgment first entered was therefore reversed. (*Taylor v. Fluharty,* 35 Ida. 705, 208 Pac. 866.) · The cause was tried a second time. The jury returned a verdict for plaintiff, on which judgment was entered, from which this appeal is prosecuted. Reference is made to the former opinion for the form of the note and the facts therein stated. The issue of fact submitted to the jury was whether the note was that of the corporation or of the individuals who signed it, which was to be determined from the intention of the parties at the time of the execution and delivery of the instrument. The question necessary for us to decide is whether there was sufficient competent evidence to sustain the verdict.

In addition to the introduction of the note, the testimony of the respondent was to the effect that the corporation was building a water-wheel at his foundry and was indebted to him for materials and services; the officers of the corporation were anxious to finish the wheel; he told the president and manager, one Smith, that the work could go ahead if the officers and directors of the corporation would execute and deliver to him their individual note for the amount of the indebtedness; he prepared the note and gave it to Smith to be signed by those who were officers and directors; Smith brought back the signed note with the following additions thereon: The name, "Smith Manufacturing and Irrigating Co.," was stamped at the top with a rubber stamp; the corporate seal had been affixed in the lower left-hand corner and the titles, "President, Vice-President, Treasurer, Secretary, Director," had been written with a typewriter following the names of the signers; Smith said the additions or changes meant nothing; that it was an individual note and that "we" all understood it that way. The evidence was sufficient to sustain the verdict. It is true that appellant and those of his co-signers,

who were witnesses, testified positively that the note was executed by them as a corporation note, and that they intended to bind the corporation thereby and not to bind themselves. However, no such intention was conveyed to respondent other than as disclosed by the note.

The principal contention of appellant is that the court erred in permitting respondent to testify to his conversation with Smith at the time Smith delivered the note to him. Smith was one of the signers of the note. Appellant and his co-signers testified that Smith brought the note to them for their signatures. They signed the note and returned it to him for the purpose of having him deliver it to respondent. There was evidence that, in securing the execution and delivery of the note, Smith was acting as the agent of appellant and the other signers. The signers knew the corporation was indebted to respondent and that the note was executed and delivered for the purpose of discharging that indebtedness. The note prepared by respondent was clearly an individual as distinguished from a corporation note. The stamp and seal of the corporation and the designation of the corporate office held by each of the signers were added to the note. In its changed appearance, the note was thought by appellant and other signers to be the note of the corporation; and was given Smith to deliver to respondent. Under such circumstances, can it be reasonably supposed that it was not anticipated that Taylor would inquire about the changes in the note and their meaning and effect? We think not. And while we may not in the absence of evidence presume that the makers desired, intended or instructed Smith to attempt to deceive respondent, it would seem to be reasonable to presume, in view of all the circumstances, that Smith had apparent authority to explain the changes in the note; and it would be unreasonable to suppose that, desiring that respondent accept the changed note, the makers restricted the power of the person to whom they had entrusted the negotiations that led to the giving of a note and its final delivery to that of a mere messenger so that he did not have authority to explain the changes made by them. We are of the opinion that the ex-

planation made by Smith as to the effect of the stamp, seal and additional words was within the apparent scope of his authority. The conversation testified to by respondent, in connection with the delivery of the note, was therefore admissible in evidence. (Jones on Evidence, 2d ed., par. 356; 2 C. J., p. 855, par. 541; 1 R. C. L., p. 508, par. 49.)

The ascertainment of the intention of the parties to the note, the payee and the makers, was required to determine whether the note was that of the corporation or of the individuals who signed it. The intention of the parties was the basic fact on which the decision depended. Such fact could be ascertained from the note and from what the parties disclosed to each other when the note was delivered. The conversation between respondent and Smith, when the note was delivered, was a part of the transaction itself. The note prepared by respondent and, as delivered to Smith for the signature of appellant and his co-signers, was clearly an individual note. The additions subsequently placed thereon made the note ambiguous. Whether it was corporate or individual depended on the disclosed intention with which it was delivered. The statements made by Smith when the note was delivered tended to show the intentions of the parties. It was a part of the transaction, a circumstance in connection with the delivery of the note. The conversation between respondent and Smith, like the note, was original evidence and not hearsay. (*Bank of Metropolis v. Kennedy*, 17 Wall. 19, 21 L. ed. 554. See also *Planters' Chemical Oil Co. v. Stearnes*, 189 Ala. 503, 66 So. 699; *Darby v. Farmers' State Bank* (Tex. Civ. App.), 253 S. W. 341; *Dunlap v. Broyles* (Tex. Civ. App.), 146 S. W. 578; *Beckwith v. Mace*, 140 Mich. 157, 103 N. W. 559; *Snyder v. Frank*, 53 Ind. App. 301, 101 N. E. 684.)

Appellant moves to strike respondent's brief for the reason that it was not served within the time allowed therefor by stipulation and order of this court. It appears that respondent's brief was not served within such period. In *Hill v. Bennett*, 37 Ida. 161, 215 Pac. 471, the appellant's brief was filed two days before the cause was heard. The brief was ordered stricken. There was no occasion to make

an order with respect to an allowance of costs for printing the brief, for the judgment was affirmed and · respondent was allowed his costs. In *Ward v. Burley State Bank,* 38 Ida. 764, 225 Pac. 497, we denied a motion to strike respondent's brief because it was not filed in time, but refused to allow respondent costs for printing the brief. (See, also, *Knoor v. Reineke,* 38 Ida. 658, 224 Pac. 84.) The motion to strike is denied, but costs for printing the brief will not be allowed.

We have examined the other specifications and find that they are without merit.

Judgment affirmed. Costs, except for printing respondent's brief, to respondent.

William A. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.