THE FIRST NATIONAL BANK OF PLAINS, a national
Banking Corporation, Plaintiff and Respondent, v.
GREEN MOUNTAIN SOIL CONSERVATION DISTRICT,
Defendant and Appellant.

No. 9550.

Submitted July 18, 1955. Decided February 3, 1956.

293 Pac. (2d) 289.

2

A. L. Libra, Thompson Falls, for appellant.

Alex C. Morrison, Plains, for respondent.

MR. JUSTICE ANGSTMAN:

This is an appeal from an order refusing to dissolve a writ of attachment. The action in which the writ of attachment issued is one to recover upon a promissory note in the sum of $1,380.55, dated November 12, 1953. The affidavit for attachment contains the statement required by R.C.M. 1947, section 93-4302, that the payment of the note had not been and is not now secured by any mortgage or lien upon real or personal property, or any pledge of personal property.

The motion to discharge the attachment is based upon the principal ground that the affidavit is incorrect so far as it asserts that the payment of the debt has not been secured by any mortgage or lien upon real or personal property. It alleges affirmatively that because of a provision in a certain chattel mortgage, executed by the parties on the 8th day of August, 1952, the debt was secured as an advance to be made in the future in accordance with the terms of the mortgage; that the

mortgage has been released by the plaintiff and thereby became valueless without any act of the defendant.

The motion to discharge the attachment was supported by an affidavit made by Paul K. Harlow, which asserts in substance: That the statement made in the affidavit of attachment to the effect that the payment of the debt sued upon was not secured is erroneous, and asserts affirmatively that it was secured by a chattel mortgage executed by the defendant on the 8th day of August 1952, which contains this clause: "It is agreed that this mortgage shall also stand as security for such further and additional sums of money, than that hereinafter specified, as may from time to time during the life of this instrument be advanced and loaned by said mortgagee or its assigns to said mortgagor, together with interest thereon, which said future advances when made are to be evidenced by a note from said mortgagor to said mortgagee or assigns, and are to be as fully secured hereby as though the same was specifically described and set forth herein, but for no greater additional amount however than Eight thousand eight hundred four and 50/100 Dollars $8804.50 * * *''; that the chattel mortgage was released by plaintiff on the 27th day of April 1954, and has without any act of the defendant become valueless.

Affidavits in opposition to the motion were filed which attempted to show in substance that at the time the note referred to in the complaint was made there was no mention of the original note and mortgage made in August of 1952. In general it was sought by such affidavits to show that the indebtedness represented by the note sued for in the complaint was not in contemplation at the time the original mortgage was made, and, hence, that it was not an advance "then in contemplation but to be made in the future" within the meaning of R.C.M. 1947, section 52-301, authorizing chattel mortgages for future advances.

It was attempted to be shown by such affidavits that when the original note and mortgage were made there was no reference to future advances and none were contemplated by the

4

parties; that the clause in the original mortgage, making reference to advances was filled is merely in accordance with the custom at the plaintiff bank, and that there was in fact no discussion or contemplation of future advances by the officers of the bank.

A supplementary affidavit was later filed in support of the motion which in substance recites that during the discussions and negotiations preceding the loan for which the original mortgage of $8,804.50 was given, there was no discussion of advances then in contemplation, although the possibility of such advances was not excluded by the officers of the bank. It is alleged also that after the execution of the mortgage, an additional loan or advance was made for which a note was given and that the note referred to in the complaint is a renewal of that note and that no additional or special security was requested or given for either note; that the officers of the defendant district assumed at all times that the mortgage for the $8,804.50 secured the loan evidenced by the promissory note upon which this action is brought, as well as the note for which it was given as a renewal. The supplemental affidavit likewise refers to a letter written by the president of the plaintiff bank on December 19, 1953, containing a summary of the loans of the defendant, and which letter refers to the balance due on the note sued for in the complaint and characterizes it as "renewal note for advances etc., $1380.55". The court, after considering the several affidavits, made an order denying the motion to dissolve the attachment and this appeal followed.

It is the contention of the defendant that the affidavit of attachment which is substantially in the form required by R.C.M. 1947, sections 93-4301 and 93-4302, cannot stand in the face of the record showing that there was security furnished and that the writ of attachment based thereon must fall.

As we view the case, it is controlled by certain stautory provisions. R.C.M. 1947, section 13-907, provides: "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." And section 13-705 provides, "When a contract is reduced to writing,

the intention of the parties is to be ascertained from the writing alone, if possible; * *." And R.C.M. 1947, section 93-401-13, provides in part: "When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreement other than the contents of the writing, except in the following cases:" The exceptions have no application here. The section goes on to say: "But this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in section 93-401-17, or to explain an extrinsic ambiguity, or to establish illegality or fraud." But section 93-401-17, above referred to, allows the circumstances under which a contract was made to be shown only for the proper construction of the instrument. Here the instrument in question needs no construction. Its terms are plain and unambiguous. It specifically dealt with future advances.

It should be noted too that even though the evidence contained in the affidavits tending to show that no future advances were in contemplation of the parties is in the record without objection, still the rule is that it cannot alter the terms of the written contract. The general rule is stated in 88 C.J.S., Trial, section 154, page 301, as follows: "In some jurisdictions it is held that parol evidence, inadmissible as varying or contradicting a writing, must be considered and given its due effect, if admitted without objection, while in other jurisdictions it is held that such evidence, although admitted without objection, is incompetent to vary a writing and must be disregarded." The numerical weight of authority supports the latter statement to the effect that such evidence must be disregarded. This court follows the latter view. Bauer v. Monroe, 117 Mont. 306, 158 Pac. (2d) 485.

Hence, under the record before us, we must disregard the affidavits furnished on behalf of the plaintiff which tend to vary or alter the terms of the written mortgage. That

being so the evidence leads to but one conclusion, namely, that the note sued upon in the complaint was secured by the mortgage dated August 8, 1952. "* * * an express stipulation in the mortgage that future transactions shall be based on the same security is broad enough to cover every transaction by which the mortgagor becomes indebted to the mortgagee * * *." 14 C.J.S., Chattel Mortgages, section 110, page 722.

Under R.C.M. 1947, section 93-4331, a writ of attachment must be discharged "If, upon such application, it satisfactorily appears that the writ of attachment was improperly or irregularly issued". It is axiomatic that a writ of attachment based upon a fatally defective or erroneous affidavit is improper and irregular. See, generally, 7 C.J.S., Attachment, section, 141 a, page 311; 7 C.J.S., Attachment, section 420, page 608; Fraser v. Clark, 129 Mont. 56, 282 Pac. (2d) 459. And a writ of attachment will be dissolved or discharged when the affidavit on which it is issued states that the obligation is unsecured whereas it is in fact secured. Hill v. Bennett, 37 Idaho 161, 215 Pac. 471; Kreider v. American Surety Co., 6 Cal. App. (2d) 307, 43 Pac. (2d) 831; Jenkins & Co., Bankers v. McKenzie, 41 Idaho 76, 238 Pac. 294; and see 4 Am. Jur., Attachment & Garnishment, section 638, page 935.

Since the note sued upon was secured by the mortgage executed between the parties it follows that the court erred in denying the motion to discharge the attachment. The order appealed from is reversed.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES ANDERSON, DAVIS and BOTTOMLY, concur.