400 P.2d 938

Irvin J. CALLAHAN, Plaintiff-Appellant,

v.

Irvin F. WOLFE and Harry R. Minto,

Defendants-Respondents.

No. 9399.

Supreme Court of Idaho.

March 31, 1965.

Millar & Callister, Ronald G. Carter, Boise, for plaintiff-appellant.

446

James E. Schiller, Nampa, for respondent Wolfe.

Gigray & Boyd, Caldwell, for respondent Minto.

Nampa, was being offered for sale. Appellant called the realty company, where he talked with one Donald Johnson. Thereafter appellant learned that respondent Irvin F. Wolfe was in the process of trading said implement business for motel property owned by respondent Harry R. Minto. Following a number of meetings and conversations between the parties during which certain representations were allegedly made by respondents relative to the value and financial condition of said implement company, appellant and wife executed a written contract dated September 23, 1957, under the terms of which appellants agreed to trade or exchange their farm property, consisting of 326 acres situate in Payette County, to respondent Minto and wife for the assets of said Wolfe Implement Company.

This action was commenced by appellant on January 17, 1961 seeking damages in the amount of $30,000 allegedly suffered by · appellant because of fraud and misrepresentations on the part of respondents. Trial was had before a jury and after appellant had submitted oral and documentary evidence in support of his complaint and rested his case, the court granted respondents' motions for involuntary dismissal of appellant's action. Appellant thereafter filed a motion for new trial, which was denied. This appeal is from the order granting dismissal of the action and the order denying a new trial.

KNUDSON, Justice.

Early in August 1957 appellant learned through an advertisement of the Bake Young Realty Company, of Nampa, Idaho, that the Wolfe Implement Company, in

Prior to trial respondent Wolfe moved to strike a portion of appellant's amended complaint wherein it was alleged in substance that respondent Wolfe represented to appellant and respondent Minto that there were no obligations against the implement company other than the two accounts listed in the affidavit of Minto which was furnished to appellant in compliance with Idaho Code, ch. 7, tit. 64, known as the Bulk Sales Law of this state; that respondent Wolfe well knew that said implement company was in truth and fact indebted far in excess of the two items listed; that it was indebted to other creditors for freight and equipment in an amount exceeding $6,-000. The court granted said motion to strike upon the ground that the allegations and language stricken were immaterial. This action of the trial court is assigned as error by appellant.

The portion of said amended complaint ordered stricken contained the only allegations in the complaint whereby respondent Wolfe was charged with having made false representations to appellant regarding the outstanding indebtedness of the implement company and the names of its creditors. It also contained the only alleged false representations contained in writing which were allegedly made by respondent Minto.

█ Respondents attempt to justify the court's action by the contention that the purpose of such affidavit under the Bulk Sales Law is merely to insure that creditors are given notice of the pending transaction and is in no way intended as a protection to the buyer from misrepresentations of the seller. It may be conceded that the Bulk Sales Law is primarily designed to prevent the vendor from putting his assets beyond the reach of bona fide creditors. However, it is also designed to protect a vendee who substantially complies with its requirements. Albano v. Motel Center of Pocatello, 75 Idaho 348, 271 P.2d 444.

██ It is generally recognized that allegations will not be stricken where the result will render the pleading ambiguous, devitalized or otherwise defective; or where the structure on which a cause of action is founded might be endangered; or where the effect would be to leave a party with no cause of action or with one different from that alleged. No matter should be stricken which, on any admissible theory, is, or might possibly become, material or relevant to the cause of action or defense, either in itself or in connection with other averments, and which, on the trial, the pleader would be entitled to prove. 71 C.J.S. Pleading §§ 463–465.

█ In Hixon v. Allphin, 76 Idaho 327, 281 P.2d 1042, this court said that an allegation relevant on any theory cannot be stricken from the complaint even though such allegation in and of itself falls short

of stating a cause of action. A motion to strike should be granted only if the allegations have no possible relation to the controversy, and should be denied if the court is in doubt whether under any contingency the matter may raise an issue. Samuel Goldwyn, Inc. v. United Artists Corp., D.C., 35 F.Supp. 633. Even where irrelevant facts are intermingled with and are not separated from the relevant allegations in a complaint, the striking of both relevant and irrelevant matter is error. Parks v. Mathews, 58 Idaho 8, 69 P.2d 781. The transactions between respondents Wolfe and Minto relative to the subject property are so closely related to the contract here involved, and both having been made parties defendant to the alleged fraud, it was error to grant the motion to strike.

Early in the trial of this case appellant, as plaintiff, testified in substance that very shortly after learning through an advertisement of the Bake Young Realty Company that the Wolfe Implement Company was being offered for sale, he called at the office of the realty company and there talked with Donald Johnson. When appellant was asked to state the conversation he had with Johnson on that occasion, regarding the implement business, the court sustained respondents' objection on the ground that it would be hearsay. Appellant further testified that on August 12, 1957, he met with respondents and Donald Johnson at the implement company's office, at which time the company's business and assets were discussed. While being interrogated regarding what was said at said meeting relative to the implement company, the witness attempted to relate what Mr. Johnson, in the presence of both respondents, there told him and respondents thereupon interposed their objections. The objections were sustained upon the ground that appellant had not alleged that any false representations had been made by Johnson or any other agent of respondents. The court then announced that no evidence of claimed misrepresentations made by Johnson would be received. Appellant thereupon requested permission to amend the complaint to allege representations made by Johnson to appellant regarding values of certain assets of the implement company, which representations were false and made by him as agent of respondents for the purpose of inducing appellant to purchase the property. This request was denied. Appellant claims that "the court erred in not allowing plaintiff to submit testimony and evidence through Donald Johnson, defendant's agent, who participated in the sale and contract alleged in the complaint for and on behalf of defendants Wolfe and Minto."

The complaint alleges that the fraud and misrepresentations were acts of respondents and no reference is made therein to Johnson or his agency relationship to them. It is

respondents' contention that in fraud cases I.R.C.P. Rule 9(b) requires that the claimed fraudulent acts must be alleged with particularity as to by whom and when they were made. Said rule provides:

> "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

█ This court has consistently held that the elements of actionable fraud, comprehensively stated are:

> " '(1) A representation. (2) Its falsity. (3) Its materiality. (4) The speaker's knowledge of its falsity or ignorance of its truth. (5) His intent that it should be acted on by the person and in the manner reasonably contemplated. (6) The hearer's ignorance of its falsity. (7) His reliance on its truth. (8) His right to rely thereon. (9) And his consequent and proximate injury. * * *' " Walker v. Nunnenkamp, 84 Idaho 485, 373 P.2d 559.

One of the questions here presented is whether in a fraud case misrepresentations made by an agent within the scope of his employment are admissible under an allegation that defendant (his principal) made them. The trial court was of the opinion that since the complaint did not specifically allege that the agent made the misrepresentations sought to be introduced, they were not admissible. It must be acknowledged that there is not unanimity in the views of the courts which have considered this question. This is recognized in a statement of the general rule contained in 3 C.J.S. Agency §§ 312, 313, pp. 246, 250, as follows:

> "Where the action is based on fraud or misrepresentation by the agent, it is proper in some jurisdictions to aver that the principal committed the fraud or made the misrepresentation; but in other jurisdictions it is necessary to allege, either expressly or by a statement of facts from which it may be fairly implied, that in committing the fraud or making the misrepresentation the agent was acting within the scope of his employment.
>
> * * * * * *
>
> "Likewise, as a general rule, under an allegation that an act was done by a party, it may be shown that the act was done by his authorized agent. Some, but not other, authorities consider the latter rule applicable to fraud or fraudulent representations."

Appellant calls our attention to the early case of Barwick v. English Joint Stock Bank, 12 Eng.Rul.Cas. 298 (Ex.Ch.1867), wherein a like question is discussed at length and it is there stated that "if a man

is answerable for the wrong of another, whether it be fraud or other wrong, it may be described in pleading as the wrong of the person who is sought to be made answerable in the action." In Gray v. Sanborn (1916), 178 Iowa 456, 159 N.W. 1004, the court had under consideration facts quite similar to the instant case, wherein "[p]laintiff alleges that defendant falsely and fraudulently represented and stated to plaintiff that * * *", etc. At the trial testimony was adduced as to representations and statements made by defendant's agent having charge of the land or of part of the negotiations for the sale without direct proof of his authority to make them. The court said:

"Plaintiff was not required to allege that the statements were made by an agent. Under allegations that defendant made them plaintiff could prove that they were made by his agent. This is the rule in Iowa and the one generally announced in other jurisdictions. [citing other Iowa cases.] See, also, Mechem on Agency (2d Ed.) vol. 2, § 1995, and Reynolds v. Witte, 13 S.C. 5, 36 Am.Rep. 678."

In Hoptowit v. Brown (1921), 115 Wash. 661, 198 P. 370, which action was commenced by the vendor against the purchaser of land on account of his fraud in inducing her to make the conveyance on his terms, under a general allegation that the purchaser made misrepresentations, the trial court permitted testimony of representations by procurement and the court stated:

"But the representations, whether made by the appellant personally or by another through his procurement, are still the appellant's representations, and under a general allegation that he made them it is competent to show that he made them through his agent."

In Bice v. Nelson (1919), 105 Kan. 23, 180 P. 206, 181 P. 558, which action was commenced by the seller to recover for the price of a chattel, the court held that an allegation of the answer that the sale was induced by false representations of the seller may be sustained by proof that the representations were made by an agent of the seller, without pleading the agency.

In Cowan v. Cowan (1920), 179 N:C. 695, 102 S.E. 613, that court succinctly stated a corresponding view in its per curiam opinion as follows:

"We have carefully examined the record and find no error.

"The evidence as to the conduct of Mathis which was objected to upon the ground that the complaint alleged that the defendant, and not Mathis, had committed the fraud, was competent, as Mathis was acting for the defendant, and that the defendant was not taken by surprise is shown by the fact

that he was introduced as a witness for the defendant."

Although we regard the views expressed in the foregoing cited cases to be most generally adhered to by appellate courts in our country, we recognize that circumstances of a particular case may justify some deviation from the strict application of such rule.

In the instant case certain facts are involved which should be considered in determining whether error was committed by the court's ruling complained of. Appellant had testified that very shortly after learning, through the advertisement, that the implement company property was for sale he called by telephone the Bake Young Realty office which sponsored the advertisement and Donald Johnson was the man with whom he talked; that he shortly thereafter went to such realty office and personally talked with Johnson who then gave him additional information concerning the property; that a few days later (about August 12, 1957) he met with respondents and Johnson at the implement company's office. In connection with this meeting appellant was requested to state what was said by the parties present, including Johnson, concerning the Wolfe Implement Company business, following which the objection was made and the claimed erroneous ruling of sustaining the objection followed.

The record does not disclose or indicate that statements or conversations concerning any particular subject were being sought by the interrogation. Its purpose was not restricted to any particular subject. The ruling in effect prevented inquiry regarding statements tending to establish agency, fraud, admissions against interests or any other pertinent matter which may have been the subject of discussion at the meeting referred to in the interrogation. The record discloses that the initial contract entered into between appellant and Minto was executed in the Bake Young Realty office in the presence of Donald Johnson and that said realty company is recognized, in both the initial and final contracts, as the broker which negotiated and brought about the subject transaction. The statements of an agent respecting the subject matter of an action and within the scope of his authority are binding upon the principal. Taylor v. Fluharty, 41 Idaho 511, 239 P. 1049; Aker v. Aker, 52 Idaho 713, 20 P.2d 796; Thornton v. Budge, 74 Idaho 103, 257 P.2d 238. The interrogation being considered pertained to statements of which the witness had personal knowledge and was made within the presence and hearing of the party against whom it was being offered. The answer may well have been relevant and material to a proper determination of issues framed by the pleadings and an answer should

have been permitted. Janinda v. Lanning, 87 Idaho 91, 390 P.2d 826.

Upon being apprised of the court's view in this regard appellant promptly requested permission to amend his complaint to allege misrepresentations made by Johnson as respondents' agent for the purpose of inducing appellant to purchase the property involved. The court denied the request and stated that to grant such motion would "change the whole theory in the case." Although respondents resisted said motion it was not claimed that they would be deprived of any right in consequence of the requested amendment had it been granted. Although the deposition of Donald Johnson is not contained in this record, the fact that said deposition was taken by appellant (at which taking respondents were represented by counsel), is discussed in the briefs of both parties and there was no claim on the part of respondents, at the time of the objection to either the interrogatory or the motion to amend, that surprise was in any respect involved or that they would be handicapped or prejudiced in maintaining their defense upon the merits. In this connection attention is called to I.R.C.P. Rule 15(b) which provides:

"When issues not raised by the pleading are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

We do not agree that the whole theory of the case would be changed by the proffered amendment. Both the complaint as it exists and the requested amendment relate to the same general conduct, transaction and occurrence which involved the claimed damages to appellant. The cause of action would have remained the same as it was in the beginning—a suit to recover damages allegedly sustained by appellant resulting from misrepresentations made by respondents or their authorized agent. The effect of the requested amend-

**454**

ment would have facilitated a fair trial of the existing issues between the parties.

 The remaining assignment of error challenges the trial court's action in granting respondents' motions for involuntary dismissal. I.R.C.P. Rule 41(b) provides for an involuntary dismissal "on the ground that upon the facts and the law the plaintiff has shown no right to relief." This court has repeatedly stated that under such a motion the testimony and all reasonable inferences therefrom must be viewed in the light most favorable to plaintiff and the trial court should not take a case from the jury unless, as a matter of law, no recovery could be had upon any view which properly could be taken of the evidence. Stearns v. Graves, 62 Idaho 312, 111 P.2d 882. When considering such motion a proper inquiry is, "might reasonable men reach different conclusions from the inferences which may be drawn from such evidence?" It is improper to grant such motion if when all the plaintiff's evidence is fairly considered in the light most favorable to plaintiff, and every reasonable inference fairly to be drawn therefrom is given full effect, the jury might find in favor of plaintiff—even though the judge may not believe plaintiff's evidence or may think that the weight of the evidence is on the other side. Dawson v. McWilliams (5 Cir.), 146 F.2d 38; Sattler v. Great Atlantic & Pacific Tea Co., D.C., 18 F.R.D. 271.

 The rule becomes very important in fraud cases where, as in the instant case, it is alleged that several misrepresentations of material matters of fact entered into the procurement and consummation of the contract in controversy. And it is well settled that the misrepresentation of even a single material fact upon which the plaintiff had a right to and did rely will suffice to support plaintiff's cause of action. Harris v. Miller (1925), 196 Cal. 8, 235 P. 981.

The trial court granted said motions to dismiss upon the ground that the elements of fraud had not been proved as a matter of law. The record discloses that appellant testified in substance that false representations were made to him by respondents concerning (1) the value of the parts inventory regarding which, when protested by appellant, respondent Wolfe offered a price adjustment of $3,000; (2) that appellant was to receive a freight credit of $3,000 which in fact never existed; (3) the extent of existing indebtedness and the number of creditors of the implement company; (4) that the machinery which was represented as belonging to the implement company was in fact encumbered to the extent of $7,600 which appellant was required to pay in order to retain the equipment. Appellant also testified regarding other claimed false representations and stated that he relied upon them as being true and was thereby induced to enter into the subject contract, all of which testimony was uncontradicted.

The judgment of dismissal is reversed and the cause remanded to the trial court with instruction to grant appellant's request to amend his complaint and to grant a new trial.

Costs to appellant.

McQUADE, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.