## J. E. HAMPLE, Appellant, v. PETER McKINNEY, Respondent.

[258 Pac. 179.]

AGENCY — ASSIGNMENTS — MATERIAL ALLEGATION — BURDEN OF PROOF —PRINCIPAL AND AGENT—UNAUTHORIZED AGENT—NO RATIFICATION OF ACT OF—APPEAL AND ERROR—EVIDENCE—PREJUDICIAL ERROR.

1. The complaint of assignee of the claim of J. W. & Co., alleging that defendant was indebted to "J. W. & Co., a copartnership," it was, as stated by instruction, a material allegation, the burden of proving which was on plaintiff, that there was such a party assignor.

2. It is no evidence of agency of O. in the obtaining of wool from defendant that a year before he had delivered money of W. for plaintiff to defendant.

3. That in ignorance of the facts the claimed principal enjoyed the benefits of the acts of an unauthorized agent, would not amount to a ratification.

4. Statements of claimed agent against claimed principal without proof of the agency are inadmissible, and their reception without such proof *held* prejudicial error.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. Ralph W. Adair, Judge.

Action for money had and received. Judgment for defendant. *Reversed and remanded.*

L. E. Glennon, for Appellant.

Where there is no substantial evidence to support the verdict a new trial should be granted. (*Nelson v. Intermountain Farmers' Equity*, 36 Ida. 518, 211 Pac. 550; *Jones v. Bartlett*, 36 Ida. 433, 211 Pac. 555; *Studebaker Bros. Co. v. Harbert*, 35 Ida. 490, 207 Pac. 587.)

The portion of Instruction No. 4 complained of was very harmful under the circumstances of this case and constituted such grievous error as should prompt the court to grant a new trial.

It clearly appears from the verdict in the light of the evidence that the jury was influenced and misled by the erroneous instruction. Where the court erroneously instructs the jury the verdict will be set aside even though supported by the evidence. (*Mahaffey v. Carlson*, 39 Ida. 162, 228 Pac. 793; *Drumheller v. Dayton*, 29 Ida. 552, 160 Pac. 944.)

E. H. Casterlin and Whitcomb & Cowen, for Respondent.

"The burden of proof to establish the affirmative of the issue involved in an action rests upon the party alleging

Publisher's Note.

3. See 21 R. C. L. 928.

4. See 21 R. C. L. 821.

See Agency, 2 C. J., sec. 115, p. 495, n. 62; sec. 116, p. 496, n. 76; sec. 692, p. 935, n. 25, 27; sec. 727, p. 954, n. 83.

Appeal and Error, 4 C. J., sec. 2953, p. 972, n. 70; sec. 2979, p. 997, n. 84.

Assignments, 5 C. J., sec. 254, p. 1017, n. 6.

Partnership, 30 Cyc., p. 402, n. 40, p. 586, n. 90.

the facts constituting that issue, and remains there until the end.'' (31 Cyc. 686.)

There was no shifting of the burden of this proof. (*Allen v. Chicago, B. & Q. Ry. Co.*, 82 Neb. 726, 118 N. W. 655, 23 L. R. A., N. S., 278; note, 135 Am. St. 763.)

The evidence was ample to establish Oliver as being the agent of appellant in effecting the sale of the wool. Agency is presumed. (*Montgomery v. Pacific Coast Land Bureau,* 94 Cal. 284, 28 Am. St. 122, 29 Pac. 640; *Shields v. Coyne,* 148 Iowa, 313, Ann. Cas. 1912C, 905, 127 N. W. 63, 29 L. R. A., N. S., 472. By ratification: 1 Cal. Jur. 766; 21 R. C. L. 919; 31 Cyc. 1245 et seq. Ratification shown by acceptance of benefits: 1 Cal. Jur. 773; 21 R. C. L. 932; 31 Cyc. 1267. Ratification shown by bringing suit: 31 Cyc. 1280.)

Benefits accepted without apparently making inquiry concerning the acts of the agent. (31 Cyc. 1257, notes 50 and 51.)

The partnership of appellant's assignor having been alleged, an issue joined thereon became a material allegation, and proof that it was a corporation constituted failure of proof. (*Christian College v. Hendley*, 49 Cal. 347; 21 Cal. Jur. 267; C. S., sec. 2724; *Thompson v. Stetson*, 15 Neb. 112, 17 N. W. 368; *Weinreich v. Johnston,* 78 Cal. 254, 20 Pac. 556.)

The testimony in this case is admittedly conflicting, but the jury believed and accepted respondent's understanding and explanation of the transaction, and returned a verdict in his favor. This should be conclusive so far as the evidence is concerned. (*Gordon v. Sunshine Min. Co.,* 43 Ida. 439, 252 Pac. 870.)

GIVENS, J.—Respondent, in 1920, sold or consigned to appellant, individually or as agent of Jerimiah Williams & Co., of Boston, Massachusetts, his wool clip, for which he received through the First National Bank of Dillon, either as the purchase price or as an advance, 25 cents per pound. The price of wool declining there occurred a deficit after the payment of freight, storage, commissions, etc., of

$2,508.22, for which this action was instituted by appellant as assignor of Jerimiah Williams & Co., for such claim.

It is respondent's contention that the transaction was a sale to appellant through his agent Oliver, while appellant takes the position that the wool was consigned through him as agent without the intervention of Oliver to Jerimiah Williams & Co. Judgment on a verdict was entered for respondent and the appeal is from the order denying a new trial.

[1]   Appellant assigns as error the giving of the following portion of instruction No. 4:

"One of the material allegations of plaintiff's complaint is the allegation that Jerimiah Williams and Company was a co-partnership and this allegation must have been proven by a preponderance of the evidence, as well as all the other material allegations of said complaint."

Plaintiff, as assignee, had of necessity to show an assignor, and a cause of action in favor of such assignor assigned to plaintiff. The complaint alleged that "respondent was indebted to Jerimiah Williams & Co., a co-partnership"; that there was such a party assignor was a material allegation and the burden of proving the same was on appellant. (30 Cyc. 402, 586.) Appellant himself recognized this and assumed such burden by offering evidence responsive to such issue. The instruction was, therefore, not incorrect.

[2]   Defendant claimed that the wool was purchased by one Oliver, acting as agent for appellant. Appellant objected to such evidence on the ground that there was no proof of such agency and that he himself negotiated the purchase. There was a sharp dispute as to whether the contract was made by respondent with appellant or with Oliver. The question of the authority of Oliver to make binding representation was, therefore, an essential link in respondent's case. While Jerimiah Williams & Co. accepted the wool, there is nothing but defendant's statement to show that they accepted it because of Oliver's activities. Since Jerimiah Williams & Co. claimed no rights through Oliver in accepting the wool, as contended by

respondent, the facts are essentially different from *Mc-Cornick v. Tolmie Bros.*, 42 Ida. 1, 243 Pac. 355. To make the situation parallel to the holding in the Tolmie case, Jerimiah Williams & Co. would be bound by any statements made by appellant. Evidence that at another time in the preceding year Oliver had delivered Jerimiah Williams & Co.'s money for appellant to respondent would not prove agency in this transaction. Hence there was no independent evidence of agency as in *Kelly v. Arave*, 41 Ida. 723, 243 Pac. 366.

"The mere fact that the principal has received or enjoyed the benefits of the unauthorized act will not amount to a ratification if he did so in ignorance of the facts." (2 C. J. 495.)

[3] "The fact that the principal received or enjoyed benefits of the unauthorized acts of an agent will not amount to a ratification if he did so in ignorance of the facts, nor will his retention of such benefits after knowledge of the facts amount to a ratification if at the time he acquired such knowledge, and without his fault, conditions are such that he cannot be placed *in statu quo*, or repudiate the entire transaction without loss." (*Blackwell v. Kercheval*, 29 Ida. 473 (488), 160 Pac. 741.)

The above rules would be equally applicable to the unauthorized acts of an agent or, as herein, the acts of an unauthorized agent.

[4] Unless Oliver was the agent of Jerimiah Williams & Co., the statements, which respondent claimed he made, would not be binding upon appellant. The admission, therefore, of these statements without showing agency was prejudicial because the jury might have been decisively and adversely affected by such statements. Since a new trial is to be granted, we will not discuss the evidence.

The judgment is reversed and a new trial ordered. Costs to appellant.

Wm. E. Lee, C. J., and Budge and T. Bailey Lee, JJ., concur.