(No. 5393.   September 30, 1929.)

**J. E.** HAMPLE, Appellant, v. .PETER McKINNEY, Respondent.

[281 Pac. 1.]

L. E. Glennon, for Appellant.

E. H. Casterlin and E. W. Whitcomb, for Respondent.

BUDGE, C. J.—This cause has been before this court upon a former occasion, the judgment being reversed and the cause remanded for a new trial. (*Hample v. McKinney,* 44 Ida. 435, 258 Pac. 179.)

It is alleged in the complaint that respondent is indebted to Jeremiah Williams & Co., a copartnership, in the sum of $2,508.22, with interest thereon at the rate of seven per cent per annum, on account of money loaned to respondent by said company; that the company assigned said indebtedness by an instrument in writing, duly executed, to appellant; that respondent has not paid the same or any part thereof and that there is now due and owing to appellant the above sum, together with interest thereon, for which sum and interest, together with costs, appellant seeks recovery. Respondent in his answer specifically denied the indebtedness to appellant's assignor, or any indebtedness on account of money loaned by Jeremiah Williams & Co., and upon information and belief denied that Jeremiah Williams & Co. is or was a copartnership, and denied the assignment as alleged in the complaint. Upon the issues thus made by the pleadings the cause was tried to the court and jury, a verdict being returned for respondent, whereupon judgment was entered accordingly. Appellant made a motion for new

trial, which was denied, and this appeal is from the order denying the motion for new trial.

■■    *In limine,* we are met with a motion to dismiss the appeal upon the ground that the notice of appeal was not filed and served within the time specified by C. S., sec. 7152. A motion was also made to strike the transcript. This latter motion becomes immaterial in view of the disposition to be made of the motion to dismiss the appeal.

From the record it appears that on October 15, 1928, the following entry was made in the minutes of the court:

"This cause having heretofore been heard on *defendant's* motion for a new trial and having been taken under advisement by the Court, now at this time the Court orders that the said motion be and the same is hereby denied."

On December 27, 1928, the trial judge, in writing, made the following order, omitting the formal parts thereof, which was filed December 31, 1928:

"It is hereby ordered that the motion of the plaintiff to set aside the judgment and grant a new trial be, and the same is hereby, denied."

It is respondent's contention that the time within which to file notice of appeal from the order denying motion for new trial commenced to run October 15, 1928, while it is the contention of appellant that the time within which to file notice of appeal did not commence to run until December 31, 1928.

The trial judge in an order filed of date July 22, 1929, sets out, *inter alia,* that the minute entry made by the clerk under date of October 15, 1928, "fails to clearly state the actual facts with reference to what was done at that time in that the minute entry of such proceedings states that the court at that time ordered that the motion for a new trial, which had theretofore been presented and taken under advisement, be, and the same is hereby denied; whereas in fact, the court at said time simply announced its decision to the effect that the motion for a new trial on behalf of the plaintiff would be denied, but did not make an order to that effect or direct the clerk to enter such an order; and said minute entry also being erroneous in re-

ferring to 'defendant's' motion for a new trial for the reason that the proceedings were with reference to plaintiff's motion for a new trial. . . . .

"It therefore appearing to the Court that said minute entry should be corrected to conform to the facts and to clearly state the proceedings had: It is hereby ordered that the above quoted minute entry be, and the same is hereby, corrected and amended to read as follows:

" 'This cause having heretofore been heard on plaintiff's motion for a new trial and having been taken under advisement by the court, the court at this time announces its decision to the effect that the motion of the plaintiff for a new trial herein would be denied.'

"It is further ordered that the clerk of the above entitled court be, and he is hereby authorized and directed to amend and correct the record of proceedings in accordance with this order as of the date of October 15, 1928."

We are inclined to the view that the order entered by the clerk October 15, 1928, was inadvertently and erroneously entered, and that the trial court did not err in directing that the same be corrected. (C. S., sec. 6477, subd. 8.) In *State v. Douglass*, 35 Ida. 140, 208 Pac. 236, it was held that:

"Every court of record has the inherent power to correct its records so that such records will correctly show the orders and directions which were in fact made by the court, and this power is not lost by the lapse of time."

From what has been said it follows that the motion to dismiss the appeal will be denied.

Briefly stated, the material facts brought out at the trial are as follows: During the latter part of June or July, 1920, at Dillon, Montana, one William D. Oliver was informed by appellant that he wanted to get respondent's 1920 wool clip but that the latter would not consign his wool but wanted to sell it outright, and was asked by appellant to call respondent on the telephone and tell him that appellant would advance twenty-five cents per pound for the wool and that the First National Bank of Dillon would remit that amount to respondent after the wool was shipped to Dillon.

Oliver called respondent and told him that appellant would take the wool, advance him twenty-five cents per pound, and that the First National Bank would pay the money. The wool was shipped to Dillon, the bank paid respondent twenty cents per pound, drawing on Jeremiah Williams & Co. for that amount, and later appellant paid to respondent the additional five cents per pound by his personal check. B. F. White, president of the bank at Dillon, forwarded the wool to Jeremiah Williams & Co. without respondent's knowledge. The sale of the wool was later made at a loss of the amount sued for.

It has been the contention of appellant throughout that the wool was consigned by respondent to Jeremiah Williams & Co. as factors or brokers to be sold by them upon the market, and that the amount paid to respondent was money advanced on consignment. Respondent contends that he had no dealings with Jeremiah Williams & Co., that the company was not known in the transaction, that he sold the wool outright to appellant, that while the word "advance" was used it was understood that he was to have at least twenty-five cents per pound, being assured of receiving that amount and possibly more. There is also a sharp conflict in the testimony as to whether or not Oliver was the agent of appellant in making arrangements for obtaining the wool from respondent. There is evidence to the effect that both appellant and Oliver knew that respondent would not consign his wool but wanted to make an outright sale. The evidence is clear that appellant instructed Oliver to communicate with respondent for the purpose of securing the latter's wool clip and that Oliver made arrangements with respondent for the shipping of the wool and informed him of the amount to be paid or advanced therefor and the manner of payment. Whether Jeremiah Williams & Co. were known in the transaction at any time is in dispute. The testimony of appellant and respondent is in direct conflict so far as the contract in question is concerned, appellant testifying the wool was consigned, respondent testifying there was an absolute sale to appellant through his agent, Oliver. The issues were squarely sub-

mitted to the jury, and it having found upon these questions the only inquiry is, Does the evidence support the verdict?  After a careful consideration of that portion of the record touching the question of Oliver being the agent of appellant we are of the opinion that there is sufficient evidence tending to establish the agency to warrant it being submitted to the jury as a question of fact, and the jury having found an agency existed we cannot say as a matter of law, upon a conflict in the testimony, that the finding of the jury should be set aside.  Neither can we say, in view of the conflict, that there was a consignment and not an absolute sale.  Twenty-four jurors having passed upon the questions involved herein, the cause having been tried upon two occasions, the instructions of the court not having been assigned as error on this appeal nor the cause reversed for error in the instructions on the former appeal, and there being sufficient evidence to support the verdict, we are not disposed to disturb the same.

The judgment is affirmed.  Costs to respondent.

Givens, T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.

Petition for rehearing denied.