257 P.2d 238

**THORNTON v. BUDGE.**

No. 7938.

Supreme Court of Idaho.

May 15, 1953.

H. J. Swanson, Pocatello, Ray & Scott, Malad City, for appellant.

Merrill & Merrill, Pocatello, for respondent.

PORTER, Chief Justice.

Appellant brought this action to recover damages for personal injuries sustained in a collision of motor vehicles. The cause was tried to a jury which returned a verdict in favor of respondent. Judgment was entered for respondent in pursuance of the verdict. Appellant has appealed from such judgment and from the order of the court denying appellant's motion to vacate the verdict and grant a new trial·in such cause.

The facts in this case are not complicated. On the morning of May 7, 1948, appellant was engaged in operating a garage in Malad. He was informed by one of his workmen that certain parts were needed in the repair of an automobile. It appeared necessary for appellant to go to Tremonton, Utah, to procure such parts. One Lee Henderson, a business man in Malad and an acquaintance of appellant, was in the garage at the time. Appellant testified as to what was said at that time as follows:

"Well, my boys had my car, and Tom Mendenhall, the mechanic, needed some parts, and he said he would have to have them right away, and Lee said he would run me down.

\*   \*   \*   \*   \*   \*

"As I say, my boys had my car, and Tom wanted some parts right away, so Lee Henderson offered to go down. He said, 'I will run you down,' so we went in his car."

Accordingly, the trip to Tremonton and return was made in the Dodge Sedan automobile ·of Lee Henderson who did the driving. The spare parts were procured at Tremonton and appellant and Henderson were returning to Malad when the collision in question occurred.

About one block south of Malad is the entrance to the Oneida County Fairgrounds which are located on the east side of the highway. As the Henderson car in traveling north approached Malad, the Dodge truck driven by respondent was traveling south on the same highway. As his truck approached a point about opposite the entrance to the fairgrounds, respondent observed a large truck coming behind him. It was respondent's intention to go into the fairgrounds to see some activity taking place therein. He made the appropriate arm signal for stopping and drove his truck off the highway onto the gravel on the west side and stopped, permitting the following truck to pass him. After the large truck passed, he turned his head back to

see if any other vehicles were approaching and started to turn his truck across the highway toward the entrance into the fairgrounds. In the fraction of a second while his head was turned to the rear, his truck was struck by the car driven by Lee Henderson.

■ The Henderson car apparently struck the Dodge truck on the right half of the front end. Whether any part of the Dodge truck was over the center line of the highway at the time of the collision, under the evidence, was a question for determination by the jury. At the time of the accident it was either "misty" or "raining very hard". Appellant received the personal injuries in the accident for which he seeks compensation in this action.

We will consider the questions raised by appellant under his assignments of error. It is the theory of appellant that the evidence shows as a matter of law that the relationship between Lee Henderson and appellant was that of host and gratuitous guest; and that the court erred in submitting to the jury the question of whether or not Henderson was the agent of appellant and in instructing the jury that if they found Henderson was appellant's agent, the negligence of Henderson, if any, would be imputed to appellant.

In 2 Am.Jur., Agency, Sec. 23, page 25, agency is defined as follows:

"As between principal and agent, the creation of the agency relationship arises from the consent of the parties.

It is not essential that any actual contract should exist or that compensation should be expected by the agent; and while the relation, in its full sense, arises out of a contractual or gratuitous agreement between the parties, yet the agency and the assent of the parties thereto may be either express or implied."

■ In Gorton v. Doty, 57 Idaho 792, 69 P.2d 136, this court set out the elements constituting agency. Syllabi 3 and 4 read as follows:

" 'Agency' is the relationship resulting from the manifestation of consent by one to another that the other shall act on his behalf and subject to his control and consent by the other so to act.

"The relationship of 'principal and agent' need not necessarily involve some matter of business, but, where one undertakes to transact some business or manage some affair for another by authority and on account of such other person, the relationship arises, irrespective of existence of a contract or receipt of compensation by either party."

In support of its position, this court in the Doty case, cited Sullivan v. Finch, 140 Kan. 399, 36 P.2d 1023, and Georgeson v. Nielsen, 214 Wis. 191, 252 N.W. 576. In the Georgeson case, at page 577 of 252 N.W., the facts as disclosed by the opinion therein were parallel to those in the case at bar. We quote:

"On June 23, 1932, the plaintiff Georgeson borrowed a trailer for the purpose of transporting three head of cattle from points located over fifteen miles northeast of Antigo to a pasture located south of that city. He owned an automobile but it was not equipped with a 'hitch' which would permit the trailer to be attached to it. He therefore went to a blacksmith shop for the purpose of having a 'hitch' made. While Georgeson was waiting for the 'hitch' to be made, Dennis, with whom he was well acquainted, came along in his Chevrolet coupe. After learning what Georgeson was doing and what he was about to do, Dennis offered to permit the trailer to be attached to his coupe, which was equipped with a 'hitch,' and to go with Georgeson for the cattle. Thereafter the trailer was attached to the Dennis coupe and they proceeded to get the cattle. The trip back with the cattle was uneventful until they reached a point just beyond the southerly limits of the city of Antigo, where a collision between the coupe and two other automobiles occurred."

In holding that under such facts Dennis was the agent of Georgeson and that the relation between them was not that of host and guest, the Wisconsin court said, 252 N.W. 576, at pages 577–578:

"Georgeson contends that the court erred in denying his motion for judgment on the verdict as rendered. In support of this contention it is argued that the undisputed facts show that the relationship existing between Dennis and Georgeson was that of host and guest and it was therefore improper to impute the negligence of Dennis to Georgeson. While there is some basis for the argument if only the conversation between Georgeson and Dennis at the blacksmith shop, as testified to by them, is considered, the undisputed fact is that Dennis was engaged in performing Georgeson's job, namely, transporting cattle for him. It was clearly Georgeson's enterprise which Dennis and Georgeson were furthering. What was done was done for the benefit of Georgeson. Although, according to the testimony, Dennis was not to receive any compensation, it is our opinion that, while he was engaged in transporting the cattle for Georgeson, he was a gratuitous agent of Georgeson and the relationship of agency, not that of host and guest, existed between them."

The holding in the Georgeson case was reaffirmed in Sevey v. Jones, 235 Wis. 109, 292 N.W. 436.

On the question of imputing the negligence of the agent to the principal, in Gorton v. Doty, 57 Idaho 792, at page 807, 69 P.2d 136, at page 143, this court said:

"After having given the jury a correct definition of the term 'agency,' the

court by the second instruction above-quoted, instructed the jury that, if they found from the evidence that Russell Garst was, at the time of the accident, the agent of appellant, then that she was chargeable with the acts of her agent as fully and to the same extent as though she had been driving the automobile herself. In other words, the trial court gave the jury a correct definition of the term 'agency' to apply to the evidence, and then, in effect, instructed the jury that if they found, upon the application of that definition to the evidence, Russell Garst was the agent of appellant, she was as fully chargeable with his acts as though she had been driving the car herself, which is unquestionably the law."

■ Appellant contends that under the evidence the court should have instructed the jury that as a matter of law the relationship between appellant and Lee Henderson was that of guest and host; and that the court erred in submitting the question of agency to the jury. If it be thought that there was no conflict in the evidence, then it was the duty of the court to instruct the jury that the relationship was that of principal and agent. If the existence or non-existence of agency was a disputed question of fact it was for the jury. Lightner v. Russell & Pugh Lumber Co., 52 Idaho 616, 17 P.2d 349; Hample v. McKinney, 48 Idaho 221, 281 P. 1; Bevercombe v. Denney & Co., 40 Idaho 34, 231 P. 427. Appellant was in no way prejudiced by the submission of the question of agency to the jury.

■■ After the collision appellant was immediately taken to the hospital. Lee Henderson stayed at the scene of the accident. Some twenty or thirty minutes after the accident and at the scene thereof, he made certain statements relative to the cause of the accident to three witnesses produced by respondent. Appellant contends that the court erred in allowing such witnesses to testify to the statements made by Henderson as they were made out of the presence of appellant. The agency of Henderson having been theretofore established, the statements of Henderson were admissible in evidence. The statements of an agent respecting the subject matter of an action and within the scope of his authority are binding on the principal. Aker v. Aker, 52 Idaho 713, 20 P.2d 796; Taylor v. Fluharty, 41 Idaho 511, 239 P. 1049; 20 Am.Jur., Evidence, Sec. 676, pp. 570–571; Lucchesi v. Reynolds, 125 Wash. 352, 216 P. 12.

It is unnecessary for us to determine whether such statements by Henderson were made at a time so closely connected with the accident that they were admissible in evidence as a part of the res gestæ.

■ Appellant contends the evidence shows as a matter of law that the respondent was guilty of negligence per se, which was the proximate cause of the accident. We do not so construe the evi-

dence. Whether or not the respondent was guilty of negligence and whether such negligence was the proximate cause of the accident were questions properly submitted to the jury. Ford v. Connell, 69 Idaho 183, 204 P.2d 1019.

Finally, appellant contends that the court erred in instructing the jury on the question of contributory negligence on the part of appellant or contributory negligence on the part of Henderson, which might be imputed to appellant, on the ground that there was no pleading of contributory negligence by respondent. By his answer, respondent pleaded affirmatively that any damage sustained by appellant was directly and proximately caused by his own negligence and the negligence of Leland Henderson in the manner in which Henderson was operating his automobile. This allegation was sufficient to raise the issue of contributory negligence. Hughes v. Atchison, T. & S. F. Ry. Co., 121 Cal.App. 271, 8 P.2d 853; Friddle v. Southern Pac. Co., 126 Cal.App. 388, 14 P.2d 568. The pleading and the proof offered in support thereof justified the court in instructing the jury on the question of contributory negligence. 38 Am.Jur., Negligence, Sec. 367, pp. 1080–1081.

No reversible error appearing in the record, the judgment of the trial court is affirmed. Costs awarded to respondent.

GIVENS, TAYLOR, THOMAS and KEETON, JJ., concur.