## MARTIN

v.

### SAVAGE TRUCK LINE, Inc.
#### Civ. A. No. 4284–51.

United States District Court
District of Columbia.
June 2, 1954.

418

Leonard S. Melrod, Ben Paul Noble, Washington, D. C., for plaintiff.

Fred H. Livingstone, Washington, D. C., for defendant.

MORRIS, District Judge.

In this action the plaintiff sought to recover damages for the death of plaintiff's decedent, resulting from the alleged negligence in the operation of a truck owned by the defendant, and operated by one Allie F. Ray, an employee of the defendant, who has since died. The jury returned a verdict in favor of the plaintiff, and a motion has been filed on behalf of the defendant, seeking a judgment notwithstanding the verdict, or, in the alternative, a new trial.

There is only one ground urged which presents a substantial question of law and, therefore, requires a statement of the reasons which, in my view, compel the conclusion reached. During the course of the trial evidence was offered and received of a statement made by the driver of the truck to an investigating police officer at the scene of the collision, and almost immediately thereafter, before either of the vehicles concerned had been moved, to the effect that he was driving at the rate of thirty miles an hour, but that the green light was with him. The defendant objected to the admission of this evidence on the grounds that it was not part of the res gestae, and it was not admissible against the defendant as a statement against interest. The motion attacking the verdict urged that the admission of this statement was error on these grounds.

The authority heavily relied upon, and followed in a number of jurisdictions, is the case of Vicksburg & M. R. Co. v. O'Brien, 1886, 119 U.S. 99, 7 S.Ct. 172, 30 L.Ed. 299, where it was held by a divided Court of five to four that a statement made by the engineer of the train of the railroad company, shortly after the injury there involved, was not admissible against the said railroad company as a statement against interest. The dissenting members of the Court considered the statement admissible against interest on the ground that it was so close to the happening of the event that it could be considered part of the res gestae. Subsequent to this decision numerous cases considering similar questions have relaxed the rule greatly with respect to what constitutes res gestae, Navajo Freight Lines, Inc., v. Mahaffy, 10 Cir., 174 F.2d 305, but it seems to me that there is lamentable confusion in that a statement against interest is admissible independent of its constituting a part of the res gestae. The characteristic of truthfulness, which makes exception to the hearsay rule, attaches to a statement being made at the time of the occurrence, namely, as part of the res gestae, on the theory that it is the facts speaking through the speaker, while the characteristic of truthfulness as to a statement against interest is that it is a statement which would not have been made but for the fact that it was true. The primary objection urged to a

statement such as is here involved is that, while it was a statement against the interest of the person making it, subjecting him, as it did, not only to civil liability, but possibly to criminal sanctions, it cannot be considered a statement against the interest of his principal, because he was the agent of the principal only for the purpose of operating the vehicle, and not for the purpose of making statements concerning its operation. Undoubtedly the decision of the United States Supreme Court would be binding upon this Court and compel a decision that the proffered statement was not admissible, unless very real and drastic changes have occurred since that decision which compel a different holding now. It is noteworthy that in more recent times decisions and text writers have held the results of the decision mentioned to be totally at variance with present-day reality. 2 Wigmore on Evidence (2d Edition, 1923) Section 1078, 4 Wigmore on Evidence (3d Edition, 1940) Section 1078 [1]. See also Whitaker v. Keogh, 1944, 144 Neb. 790, 14 N.W.2d 596, and Ambrose v. Young, 1926, 100 W.Va. 452, 130 S.E. 810 [2]. The question turns, as Dean Wigmore has put it, upon the principles of agency, as it is clearly admissible if the driver was acting in the course of his employment, and inadmissible if he was not.

 Such changes in motor vehicular transportation have taken place since 1886 that, in this jurisdiction, and every other one of which I have any knowledge, it is a matter of public policy, expressed by legislative enactment and judicial decision, in the interest of safety, that the operation of such vehicles on streets and highways be rigidly controlled, and the operators and owners of such vehicles be held to strict accountability for improper operation. Drivers of such vehicles are required by law to report accidents resulting in injury in which their motor vehicles are involved. Police authorities have special units for the immediate investigation of the numerous injuries which are of daily occurrence. To say, in these circumstances, that the owner of a motor truck may constitute a person his agent for the purpose of the operation of such truck over public streets and highways, and to say at the same time that such operator is no longer the agent of such owner when an accident occurs, for the purpose of truthfully relating the facts concerning the occurrence to an investigating police officer on the scene shortly thereafter, seems to me to erect an untenable fiction, neither contemplated by the parties nor sanctioned by public policy. It is almost like saying that a statement against interest in the instant case could only have been made had the truck been operated by an officer or the board of directors of the Corporation owning the truck; and trucks are not operated that way. To exclude the statement of the driver of the truck as to the speed of the truck at the time of the collision, which was not only clearly excessive in the circumstances, but even greater than the speed limit permitted on the highway between intersections, would be to deny an agency which I believe inherently exists regardless of whether the statement is made at the moment of the impact, or some minutes later to an investigating officer, or other authorized person. The motion will be denied.

1. Note 2, page 121. " * * * and yet it is absurd to hold that the superintendent has power to make the employer heavily liable by mismanaging the whole factory, but not to make statements about his mismanagement which can be even listened to in court; the pedantic unpracticalness of this rule as now universally administered makes a laughingstock of court methods."

2. For discussion of this subject, also see 47 Columbia Law Review 1227, 38 Yale Law Review 261, and 60 Harvard Law Review 976.