17958

Walter F. MARSHALL, Jr., Respondent, v. James A. THOMASON, Appellant

(127 S. E. (2d) 177)

*Messrs. Love, Thornton & Arnold,* of Greenville, and *Mays, Mays & Doyle,* of Greenwood, *for Appellant,*

*Messrs. Grier, McDonald, Todd, Burns & Bradford*, of Greenwood, *for Respondent,*

August 29, 1962.

BRAILSFORD, Justice.

This action for damages sustained by plaintiff in a highway collision resulted in a verdict against defendant for $1,750.00 actual damages and $5,000.00 punitive damages. The defendant's motion for the direction of a verdict, and his alternative motions for judgment *n. o. v.*, for a new trial or for a reduction of the verdict by an order *nisi* were overruled by Hon. Steve C. Griffith, presiding judge, and the defendant has appealed.

The sole exception to the refusal of the court to direct a verdict, or grant judgment *n. o. v.*, is upon the ground that plaintiff was guilty of contributory negligence and wilfullness as a matter of law. Plaintiff was traveling in a westerly direction on S. C. Highway No. 72, from Clinton toward Greenwood. As he approached alternate U. S. Highway 221, which enters No. 72 from the northeast, on plaintiff's right,

he saw the defendants' dump truck standing at a stop sign, apparently yielding the right of way. Plaintiff testified that he was driving about 55 miles an hour. As he drew near, he saw the truck start forward into his lane of traffic. In this emergency he immediately applied his brakes and tried to turn behind the truck into Highway 221. His car went into a skid and struck the rear of the truck.

Skid marks made by plaintiff's car extended, downgrade, 126 feet to the point of collision, the force of the impact did extensive damage to plaintiff's 1958 Ford, which was afterward sold for $1,500.00 or $1,600.00 less than its estimated value before the accident. Portions of the highway on which plaintiff was traveling were being resurfaced and various signs were in place indicating this fact. However, the work in progress created no unusual hazard in the immediate vicinity of the accident. Defendant's truck was engaged in hauling materials from a nearby mixing plant for use in this construction.

Plaintiff's testimony as to the cause of the accident was corroborated, in part, by that of the investigating highway patrolman. It was contradicted by several witnesses for defendant, who testified that the truck did not move forward as plaintiff approached and did not enter the intersection, either before or after the impact.

Submission of the issue of recklessness in the operation of defendant's truck has not been challenged on this appeal. Viewing the evidence in a light favorable to plaintiff, as is required, we find no error in the submission to the jury of the issues raised by the defense of contributory recklessness.

The investigating highway patrolman arrived at the scene some 30 minutes after the accident and after plaintiff had been taken to the hospital. The vehicles were in place and defendant's truck driver was present. Over the defendant's objection, the patrolman was allowed to testify that the truck driver made a statement to him as follows:

"Q. What conversation concerning this accident did you have with him at that time?

"A. He told me he had pulled up and stopped and looked up and down 72 and hadn't seen anything coming when he first pulled up and stopped. Said then as he looked back before entering the road that this car came around the curve and that he started sliding; he thought he was going to hit him right in the side where he was sitting in the cab, and he let his clutch out and pulled forward to keep (the car?) from hitting him in the side."

The admission of this testimony in evidence was one of the grounds of defendant's motion for a new trial. The trial judge ruled that the testimony was competent under the rule of *res gestae* and otherwise.

To qualify under the *res gestae* exception to the rule excluding hearsay testimony, a statement "must be substantially contemporaneous with the litigated transaction, and be the instinctive, spontaneous utterances of the mind while under the active, immediate influences of the transaction; the circumstances precluding the idea that the utterances are the result of reflection or designed to make false or self-serving declarations." *State v. Long,* 186 S. C. 439, 195 S. E. 624, 626.

The basic test is spontaneity, only spontaneous statements are admissible. Annotation: Motor Vehicle Accident—*Res Gestae,* 53 A. L. R. (2d) 1245, 1258. The proponent of the admission of a statement under this exception has the burden of establishing the required conditions. *Ibid.,* 1260. The ruling of the trial judge will not be disturbed on appeal "unless it clearly appears from undisputed circumstances in evidence that the testimony ought to have been admitted or rejected, as the case may be." *Funderburk v. Powell,* 181 S. C. 412, 187 S. E. 742, 751.

On its face, the statement in question was the mere narration of a past event, made after ample time for reflection, lacking spontaneity, and intended to ex-

onerate the declarent. No circumstances were proved from which spontaneity could be inferred. We must conclude that the trial judge inadverently failed to apply the proper test, in ruling that the testimony was admissible as *res gestae,* and that the exercise of his discretion was controlled by error of law.

Plaintiff next contends that the testimony as to the driver's statement was properly admitted in evidence as an admission by defendant's agent, quoting in the brief the general rule stated in 20 Am. Jur., Evidence, Sec. 596, as follows:

"There is a general rule that whatever is said by an agent, during the course of his duties and within the scope of his authority, relative to business contemplated by the agency in which he is then engaged is in legal intendment said by his principal and is admissible in evidence against such principal."

Recognizing, as he must, that the principal is bound only by statements within the scope of the agent's authority, plaintiff contends that when the statement was made, the driver "was still about the master's business in protecting the truck after the accident and in explaining to the patrolman how the accident happened." The record shows that the driver was employed to operate a dump truck on short hauls from the mixing plant to the work site. The claim that he was authorized to speak for his principal after the accident is based on inference which finds scant support in the authorities.

The precise point is covered under another title by the authority which plaintiff quotes.

*"Statements Made by Party's Agent or Employee.* As a general rule, statements by an agent or employee pertaining to an automible accident in which he was a participant, and which were made after the occurrence, are not properly considered in determining the liability of the principal, or owner of the vehicle. To be admissible, the agent's declaration must be spontaneous and sufficiently contemporaneous with the time and place of accident to bring it within the *res gestae*

doctrine. * * *" 5A. Am. Jur., Automobiles and Highway Traffic, sec. 979, page 859, citing, *inter alia,* Annotation, 75 A. L. R. 1534.

The text simply applies to post accident statements of employee drivers the long settled rule of common law, which was succinctly stated for this court in *Rookard v. Atlantic & C. Air Line Railway Co.,* 84 S. C. 190, 192, 65 S. E. 1047, 27 L. R. A., N. S., 435 as follows:

"If an agent commits a tort while acting within the scope of the agency, the principal is liable, but, if he makes declarations or admissions concerning it so long afterwards that they cannot be admitted as a part of the *res gestae,* the principal is not bound by them."

This excerpt from the *Rookard case* was quoted with approval in *Sandel v. State,* 126 S. C. 1, 119 S. E. 776, 781, and seven former decisions of this Court were cited as supporting it.

This rule has been subjected to criticism. American Law Institute, Model Code of Evidence, 1942, page 249, *et sequa.;* IV Wigmore on Evidence, (3d) Edition, Section 1078; McCormick on Evidence, Section 244. Some courts have failed to apply it to post accident driver statements. *Whitaker v. Keogh,* 144 Neb. 790, 14 N. W. (2d) 596; *Thornton v. Budge,* 74 Idaho 103, 257 P. (2d) 238; *Grayson v. Williams* (10th Cir.), 256 F.(2d) 61. However, it was adopted in Restatement of the Law, Agency, Second, Sec. 288 (2) where it is illustrated by the post accident statement of a driver agent; and it is supported by the great weight of authority in this country. This Court, apparently, has never had occasion to apply the rule to such a statement. For illustrative cases from other jurisdictions see *Portsmouth Transit Co. v. Brickhouse,* 200 Va. 844, 108 S. E. (2d) 385, 78 A. L. R. (2d) 147; *Williams v. Thomas,* 219 N. C. 727, 14 S. E. (2d) 797; *Roush v. Alkire Truck Lines,* Mo., 299 S. W. (2d) 518; *Beaule v. Weeks,* 95 N. H. 453, 66 A. (2d) 148; *Jones v. Gay's Express Co.,* 110 Vt. 531, 9 A.

(2d) 121. The bedrock of these decisions is that, ordinarily, the making of post accident declarations or admissions is not within the scope of the agency of one employed to drive a motor vehicle. In the words of the Restatement, *supra,* "Authority to do an act * * * does not of itself include authority to make statements concerning the act * * *." See also 31 C. J. S., Evidence, § 345, footnote 89, page 1120.

Counsel for plaintiff place some reliance on Sections 46-326, 46-327 and 46-329, Code of Laws, 1952, which require the driver and the investigating officer to submit accident reports and require the officer to interview the driver as to the cause of the accident. However, these statutory duties are imposed on the *driver* of a motor vehicle involved in an accident, not on the owner of the vehicle, nor on the driver's principal. The owner is required to report only when the driver is physically unable to do so. Sec. 46-328. Furthermore, the required reports are confidential and their use in any trial is prohibited. Sec. 46-333. We think that the impact of these Code sections strengthens the view that the driver spoke for himself in discussing the accident with the patrolman.

Under the settled rule in this jurisdiction, which we have not been requested to review, the admission of this testimony was error. The error was prejudicial because the driver's statement, as related by the patrolman, that the truck was in motion immediately before the collision contradicted defendant's witnesses on the critical issue of fact which the jury was required to resolve. This exception must be sustained and a new trial granted. We find no error as assigned by the remaining exceptions and they are overruled without discussion.

Reversed and remanded.

TAYLOR, C. J., and Moss and BUSSEY, JJ., concur.

LEWIS, Justice (dissenting).

The opinion of Justice Brailsford reverses the judgment of the lower Court on the ground that the post accident

statements of the employee driver of the truck were inadmissible in evidence against the employer. I think the statements of the employee, made under the circumstances here, were properly admitted in evidence by the lower Court and, therefore, respectfully dissent.

The driver of the truck was employed to operate a dump truck on short hauls from the mixing plant of the employer to the work site. While so engaged, a collision occurred between the truck and another vehicle. The driver of the other vehicle was injured and was taken to the hospital. A State Highway patrolman was summoned and arrived about 30 minutes after the wreck. The vehicles had not been moved and the driver of the defendant's truck was still at the scene, when the patrolman arrived. In the investigation of the accident, the patrolman had a conversation with defendant's driver in which he told the officer his version of how the wreck occurred. On the trial of the case, the officer was permitted to testify, over objection, as to the statements made to him at the scene by the driver. The admissibility of the testimony of the officer, as to the statements made to him by the truck driver, is in issue.

I agree that the admissibility of the testimony in question cannot soundly rest upon the *res gestae* rule. However, the testimony here is admissible, in my opinion, as statements made by the employee in the course of exercising the authority placed upon him by his employer. As stated in 20 Am. Jur. 505, Section 596:

"There is a general rule that whatever is said by an agent, during the course of his duties and within the scope of his authority, relative to business contemplated by the agency in which he is then engaged is in legal intendment said by his principal and is admissible in evidence against such principal."

The same principle is thus stated in 4 Wigmore on Evidence 119, Section 1078:

"He who sets another person to do an act in his stead as agent is chargeable in substantive law by such acts as are

done under that authority; so too, properly enough, admissions made by the agent in the course of exercising that authority have the same testimonial value to discredit the party's present claim as if stated by the party himself."

The question of the admissibility of such testimony therefore turns upon the scope of the authority of the agent or employee at the time. The inquiry here is whether the driver in making the statements at the scene of the collision was acting in the course of his employment.

In my opinion, the statements of the driver were admissible in evidence under the authority of such prior decisions of our Court as *Price v. American Agricultural Chemical Co.,* 173 S. C. 518, 176 S. E. 352; *Snipes v. Augusta-Aiken Railway,* 151 S. C. 391, 149 S. E. 111; and *Williams v. Western Union Telegraph Company,* 138 S. C. 281, 136 S. E. 218.

While these decisions refer to the admissibility of the statements of the agent as a part of the *res gestae,* in reality, the statements were admitted as declarations or admissions of the agent in the course of his employment. All of the foregoing cases involved tort liability and in all of them the statements of the agent were held admissible, although none were made at a time when they could be considered as the spontaneous utterances of the witnesses, and the court so recognized. They were bottomed on the principle that, when the statements were made, they constituted declarations of the agent, as stated in the *Snipes case,* "when the matter in question is still pending within the jurisdiction of the agent". Similarly, in the *Price case* the statements were held to have been made when "the transaction in which the boy had been killed had not completely ended; there was pending still something to be done, the removal of the dead body, and the giving of a true account of the manner in which the death had occurred to those who were entitled to receive the information". In the *Williams case,* it was stated: "We prefer to adopt the view that so long as anything remains to be

done, the statements of the agent are competent, if made within the scope of his agency."

These decisions all involved statements made by the agents after the occurrence under inquiry and related to the manner of its occurrence, directly affecting the liability of the principal. The statements were held to have been made within the course of the employment.

In this case, the driver was placed in charge of the truck of the employer, charged with the duty of operating it upon the highways. When the wreck occurred, the employment of the driver did not cease at that moment, nor did his duties end. He was the representative of his employer on the scene. He was in charge of the truck and responsible for the performance of such duties and obligations there as were imposed by his employment and the law. Paraphrasing the *Price case,* when the wreck was over the transaction had not completely ended; there was something else to be done, the removal of the truck from the scene, and the giving of a true account of the manner in which the wreck had occurred to those entitled to receive the information.

There can be no doubt that the driver had the power to make his employer liable by the manner in which he operated the vehicle. The truck was placed in the sole charge of the driver to operate. It is unrealistic, to say the least, to hold that the driver was the agent of the employer for every purpose in connection with the operation of the vehicle, except to truthfully relate the manner in which he operated it. As stated in *Martin v. Savage Truck Line,* D. C., 121 F. Supp. 417, 419:

"To say, in these circumstances, that the owner of a motor truck may constitute a person his agent for the purpose of the operation of such truck over public streets and highways, and to say at the same time that such operator is no longer the agent of such owner when an accident occurs, for the purpose of truthfully relating the facts concerning the occurrence to an investigating police officer on the scene

shortly thereafter, seems to me to erect an untenable fiction, neither contemplated by the parties nor sanctioned by public policy. It is almost like saying that a statement against interest in the instant case could only have been made had the truck been operated by an officer or the board of directors of the Corporation owning the truck; and trucks are not operated that way."

The opinion of Justice Brailsford correctly sets forth the views of the text writers and the courts in other jursdictions upon the admissibility of such testimony. Repetition of such is unnecessary here. I consider, however, the question to be closed in this jurisdiction by our prior decisions.

The judgment of the lower Court should be affirmed.