Irene B. WABISKY, Individually and as Ancillary Administratrix of the Estate of Joseph L. Wabisky, deceased, Appellant,

v.

D. C. TRANSIT SYSTEM, INC., a corporation, Appellee.

No. 16884.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 4, 1962.

Decided Oct. 25, 1962.

318

had not made out a case, under the last clear chance doctrine, for recovery for the death of appellant's decedent.

■ As we read the record the evidence offered by appellant was sufficient to warrant a jury in finding that when first seen by appellee's motorman, the decedent was a substantial distance in front of the streetcar, facing away from the streetcar, near the track and in a position of danger or potential danger. As the car approached, the operator sounded a warning signal. The operator was next aware that something was amiss when the decedent's body was heard to bump the streetcar at a point about 7 feet from the front, where the car overhangs 14½ inches on either side of the streetcar rails. It is not necessary for us to evaluate the evidence at this time except for the limited purposes of this appeal.

■ First we hold that the testimony of the police officer as to what the operator said to him was admissible, since it was an utterance made at the scene of the accident within 15 or 20 minutes after the event and while the operator "seemed to be very upset." The District Court held it admissible as part of the res gestae. There are at least four distinct exceptions to the hearsay rule encompassed by the term res gestae: (1) declarations of present bodily condition; (2) declarations of present mental state and emotion; (3) excited utterances; (4) declarations of the present sense impression. The declarations of the motorman, related at the trial by the policeman, come within the purview of the excited utterance exception to the hearsay rule. Vicksburg & Meridian Ry. Co. v. O'Brien, 119 U.S. 99, 7 S.Ct. 172, 30 L.Ed. 299 (1886), is relied on by appellee, but that early holding, with four dissents, has been eroded over the years and cannot today be regarded as a statement of contemporary law. See Judge Morris' discussion in Martin v. Savage Truck Line, Inc., 121 F.Supp. 417 (D.D.C.1954). See also Grayson v. Williams, 256 F.2d 61, 66 (10th Cir. 1958). In addition the statement of the

Mr. J. E. Bindeman, Washington, D. C., with whom Mr. Leonard W. Burka, Washington, D. C., was on the brief, for appellant.

Mr. Frank F. Roberson, Washington, D. C., with whom Mr. James A. Belson, Washington, D. C., was on the brief, for appellee.

Before BASTIAN, BURGER and WRIGHT, Circuit Judges.

BURGER, Circuit Judge.

The District Court granted a directed verdict in favor of appellee at the close of appellant's case, holding that appellant

operator made to the police officer investigating the accident is also admissible as an admission against interest or vicarious admission. Koninklijke Luchtvaart Maatschappij NV KLM Royal Dutch Airlines Holland v. Tuller, 110 U.S.App.D.C. 282, 292 F.2d 775, cert. denied, 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136 (1961). See McCormick, Evidence § 244 at 517–19 (1954). There are also other variants of these exceptions generally turning on their independent trustworthiness. Cf. Murphy Auto Parts Co. v. Ball, 101 U.S.App.D.C. 416, 249 F.2d 508 (1957), cert. denied, 355 U.S. 932, 78 S.Ct. 413, 2 L.Ed.2d 415 (1958). Secondly we hold that the testimony of the police officer as to statements made by the operator and the testimony of the passenger of the streetcar as to what he observed were for the jury to evaluate. The weight of this testimony and the credibility were for the jury, not for the court.

Reversed and remanded for a new trial not inconsistent with this opinion.