Irene B. WABISKY, Individually and as Ancillary Administratrix of the Estate of Joseph L. Wabisky, deceased, Appellant,

v.

D. C. TRANSIT SYSTEM, INC., a Corporation, Appellee.

No. 17720.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 26, 1963.

Decided Dec. 12, 1963.

Mr. J. E. Bindeman, Washington, D. C., with whom Mr. Leonard W. Burka, Washington, D. C., was on the brief, for appellant.

Mr. Frank F. Roberson, Washington, D. C., with whom Mr. James A. Belson, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge.

On a prior occasion[1] this court reversed and remanded this case for submission to the jury under a last clear chance instruction, the trial court having directed a verdict in favor of the defendant at the close of the plaintiff's case. On retrial pursuant to our remand, the jury found for the defendant. On this appeal, appellant alleges procedural error in the trial of the case, primarily prejudicial comment on the evidence by the trial court in its charge to the jury.

A judge's discretion to comment on the facts "is not arbitrary and uncontrolled, but judicial, to be exercised in conformity with the standards governing the judicial office. * * * This Court has accordingly emphasized the duty of the trial judge to use great care that an expression of opinion upon the evidence 'should be so given as not to mislead, and especially that it should not be one-sided'; * * *." Quercia v. United States, 289 U.S. 466, 470, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1933). And see Billeci v. United States, 87 U.S.App.D.C. 274, 281–283, 184 F.2d 394, 401–403, 24 A.L.R.2d 881 (1950), and cases there cited. In a simple accident case involving human error, little purpose is served by the trial judge taking the risk of trenching on the jury function by commenting on the evidence. U.S.Const. Amend. VII. Such cases as a rule are not long and the jurors, given adequate instructions on the law, are usually in as good a position as the trial court to recall the evidence and determine whether or not the actions of the parties involved were reasonable under the circumstances. This is particularly true where counsel for each of the parties has sufficiently and fairly summed up the evidence on which he relies.

In this simple accident case, the trial judge undertook not only to state the positions of the parties with reference to the facts of the case, but also to give the jury a résumé of the testimony of the witnesses he considered most important. However, we think these comments, while perhaps better left unsaid, were not so one-sided or prejudicial as to require reversal for a third trial. Rule 61, F.R.Civ.P.

We have examined the appellant's other allegations of error with respect to the court's handling of the jury's request to have the witness Mason's testimony read, the court's refusal to admit Traffic Regulation 22(c) into evidence, and the

1. Wabisky v. D. C. Transit System, Inc., 114 U.S.App.D.C. 22, 309 F.2d 317 (1962).

court's action with respect to the witness Nolin, and find that the substantial rights of the parties were not affected thereby.

Affirmed.